■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM A. CORDWELL, Respondent. [783 NYS2d 409]—

Kane, J. Appeal from an order of the County Court of St. Lawrence County (Nicandri, J.), entered October 7, 2003, which dismissed the indictment.

In an unrelated criminal action, defendant pleaded guilty to reckless endangerment in the second degree and was granted a conditional discharge, to remain in effect for a period of one year from February 25, 2003. One condition of the disposition was that defendant abide by the terms of an order of protection. The order of protection prohibited defendant from committing any crime against his girlfriend, and erroneously provided that it was to remain in effect until February 24, 2003, the day before it was signed. The town justice who issued the order orally informed defendant that it would remain in effect during the period of the conditional discharge. A grand jury subsequently indicted defendant on the crime of criminal contempt in the first degree after he allegedly violated the order of protection by assaulting his girlfriend on August 29, 2003. County Court dismissed the indictment because the conduct providing the basis for the contempt charge occurred after the order of protection's stated expiration date. The People appeal.

We affirm. A charge of criminal contempt in the first degree pursuant to Penal Law § 215.51 (b) requires violation of a written court order. CPL 530.13 (5), the provision under which the subject order of protection was issued, specifically directs that "[a]n order of protection . . . shall plainly state the date that such order expires." This provision makes clear that the expiration date is a crucial portion of the order of protection. The inclusion of an expiration date which had already passed rendered the order of protection here ineffective, as it had expired according to its own terms before August 29, 2003, the date when defendant allegedly violated its terms. Consequently, the order provided no basis for the indictment charging defendant with criminal contempt in the first degree (see Penal Law § 215.51 [b] [v]), so County Court properly dismissed the indictment.

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is affirmed.