■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AMBIORIS ORTIZ, Appellant. [831 NYS2d 50]—

Judgment, Supreme Court, New York County (John Cataldo, J.), rendered June 17, 2005, convicting defendant, after a jury trial, of bail jumping in the second degree and two counts of

obstructing governmental administration in the second degree, and sentencing him, as a second felony offender, to 2 to 4 years and two terms of 1 year, respectively, unanimously reversed, on the law, and the matter remanded for a new trial.

During voir dire, prospective juror Puder stated that her sister was an attorney with the District Attorney's Office and that her best friend in high school was the daughter of a police chief. Asked if she could assess defendant's guilt as to the various charges arising out of three separate incidents, she stated, "I would have a hard time not lumping everything together." When the court noted that "the question is will you use your best effort to evaluate this? Can you do that?" she responded, "Yes."

Defense counsel then asked if, in assessing the evidence, she "might tend toward police officers," and she stated, "I might." Asked if she would have the same tendency "if the Judge tells you to treat a[n] officer the same as anyone else," she responded, "I[ ] will do my best." The court then asked, "But will you use your best effort to evaluate this case?" to which she replied, "Yes."

When defendant sought to challenge prospective juror Puder for cause, the court stated, "She indicated that she could use her best efforts. Cause is denied." Defendant then exercised a peremptory challenge to disqualify her.

Where a prospective juror's responses indicate "a state of mind . . . likely to preclude him from rendering an impartial verdict" (CPL 270.20 [1] [b]), the court is obliged to "require the prospective juror to 'expressly state that his prior state of mind . . . will not influence his verdict, and . . . that he will render an impartial verdict based solely on the evidence' " (*People v Torpey*, 63 NY2d 361, 367 [1984], quoting *People v Biondo*, 41 NY2d 483, 485 [1977], *cert denied* 434 US 928 [1977]). Where less than an unequivocal expression of impartiality is elicited, the juror should not be permitted to serve (*People v Arnold*, 96 NY2d 358, 363 [2001]). Where the prospective juror's assurance of impartiality is expressed in less than a definitive "yes" or "no" reply, service should not be permitted unless the juror's responses "taken in context and as a whole, were unequivocal" (*People v Chambers*, 97 NY2d 417, 419 [2002]). Here, venireperson Puder responded with an unequivocal "yes" when asked if she would use her best efforts to evaluate the three incidents individually and stated that she would do her best when asked if she would impartially evaluate testimony given by a police officer.

Prospective juror Robins also expressed reservations about her ability to separately assess the three incidents from which

the charges against defendant arose, stating, "I think if the defendant is guilty of crimes, maybe the defendant is guilty of them all." After listening to the venirepersons' remarks on this topic, the court concluded, "What I'm gathering the people think it's complicated, but they will use their best efforts." When defendant challenged Ms. Robins on the basis of her ability to separately consider the charges stemming from the three incidents, the court denied the application. In disqualifying the juror, defendant exhausted his peremptory challenges.

It is clear that Ms. Robins never unequivocally expressed her capability to evaluate defendant's guilt as to the various charges relating to the three separate incidents. The court's collective assessment of an entire panel is not equivalent to the personal, unequivocal assurance the court is required to elicit from the individual prospective juror (*see Arnold*, 96 NY2d at 363-364).

We have examined defendant's remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Saxe, Buckley and McGuire, JJ.