■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO SANCHEZ, Appellant. [874 NYS2d 461]—

Judgment, Supreme Court, New York County (Arlene D. Goldberg, J.), rendered July 17, 2006, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third and seventh degrees, and sentencing him, as a second felony drug offender whose prior conviction was a violent felony, to an aggregate term of seven years, unanimously reversed, on the law, the conviction vacated, and the matter remanded for a new trial.

The court should have granted defendant's challenge for cause to a prospective juror who repeatedly expressed a predisposition to credit police testimony, since the totality of her responses established that she would be unable to put aside her inclination and be fair and impartial (*see People v Arnold*, 96 NY2d 358, 362 [2001]; *compare People v Johnson*, 32 AD3d 371 [2006], *lv denied* 7 NY3d 902 [2006]).

In this case involving defendant's alleged sale of narcotics to an undercover narcotics officer, the only police testimony comes from the undercover officer, his ghost and the arresting officer. The prospective juror, whose son is a retired undercover narcotics officer who was shot in the line of duty, repeatedly expressed

skepticism that an undercover officer could lie or be mistaken. She also expressed concerns about drugs and violence in her building and neighborhood. The court itself admonished the juror not to "say what you think is a correct answer." At no point did the juror give an "unequivocal assurance" that she would put aside her beliefs and concerns and render an impartial verdict based on the evidence (*People v Johnson*, 94 NY2d 600, 614 [2000]) and her assurances, when given, were equivocal and not voiced with conviction (*People v Blyden*, 55 NY2d 73, 78 [1982]). As the Court of Appeals has said, "the trial court should lean toward disqualifying a prospective juror of dubious impartiality, rather than testing the bounds of discretion by permitting such a juror to serve. It is precisely for this reason that so many veniremen are made available for jury service" (*People v Branch*, 46 NY2d 645, 651-652 [1979]).

Since we are ordering a new trial, we find it unnecessary to discuss defendant's other arguments. Concur—Tom, J.P., Andrias, Nardelli, Catterson and Moskowitz, JJ.