OPINION OF THE COURT
Thomas J. DiSalvo, J.
Facts of the Case
The defendant was charged with criminal contempt in the second degree, in violation of Penal Law § 215.50 (3), and stalking in the fourth degree, in violation of Penal Law § 120.45 (2). It was alleged that on November 4, 2010 the defendant violated paragraph “14” of a “no contact” order of protection issued on July 15, 2008 by Judicial Hearing Officer Sidney T. Farber of Monroe County Family Court.[1] In particular the order of protection directed that the defendant have no contact with a Maureen Perry, the mother of his two children, “including personal or through third person.” The criminal complaints specifically alleged that the defendant violated the statutes in question on November 4, 2010 by gaining “access to Maureen’s ‘Friend List’ on ‘Facebook’ and began to contact and communicate to these friends and family members accusing Maureen L. Perry of using their children against their father to prevent the respondent *869 from seeing or communicating with their two children.”[2] The supporting deposition signed by the complainant states, “Carl gained access to my ‘friends list’ on facebook and began to send out letters accusing me of using our children against Carl and preventing Carl from contacting or visiting with them.” The defense has filed a motion to dismiss the charges herein as being facially insufficient pursuant to CPL 170.30 (1) (a).
Issues Presented
Does communication to a person’s acquaintances listed as friends on a Facebook account violate a no contact order of protection?
Does communication to a person’s acquaintances listed as friends on a Facebook account constitute stalking in the fourth degree?
Legal Analysis
A. Criminal Contempt, Second Degree, Penal Law § 215.50 (3)
Penal Law § 215.50 (3) states that “[a] person is guilty of criminal contempt in the second degree when he engages in any of the following conduct: . . . Intentional disobedience or resistance to the lawful process or other mandate of a court.” It is uncontroverted that the defendant obtained a list of the complainant’s friends from the complainant’s own Facebook account. He then contacted each one of these individuals, advising them that the complainant, Maureen L. Perry, was denying him access to his children. The supposition is that by doing so, the defendant was intentionally indirectly contacting the mother of his children, because she would hear of the allegations from her said friends and family.
Changes in technology, including the way people communicate, continue to present unique challenges to the courts. As of the date of this decision there are no reported cases of anyone charged with violating an order of protection by accessing Facebook. One must then look to cases wherein defendants are charged with indirectly contacting protected persons by making statements to others. In People v Pucilowski (4 Misc 3d 1019[A], 2004 NY Slip Op 50947[U] [Westchester County Ct 2004]) the defendant, who worked in the same building as his *870 wife, was charged with criminal contempt, second degree, for speaking with an employee of his wife.
The defendant was directed by an order of protection of the Westchester County Family Court “ ‘not to contact co-workers, friends and/or neighbors of the plaintiff, Ruthanne Pucilowski.’ ”[3] However, despite the fact that the defendant engaged in a few conversations with said wife’s employee, including a conversation in which the defendant spoke disparagingly about his wife, the court found the defendant not guilty of criminal contempt, second degree. The court indicated that in a no contact order of protection “the proscribed conduct must be carefully and clearly delineated by the Court.”[4] 5In addition, the court held that any ambiguity in the language of an order of protection must be resolved in favor of the defendant.[5] In the Pucilowski case the court found the language of the order of protection ambiguous as same pertained to the wife’s coworkers because “there is no evidence in the record that the issuing Court expressly admonished Defendant to promptly break off any communication with such a person once begun . . . [it] was not otherwise unlawful; it did not amount to harassment, physical or verbal . . . . Nor did he use the conversation to . . . threaten his wife with harm.”[6]
In People v Ndiaye (9 Misc 3d 1118[A], 2005 NY Slip Op 51639[U] [Just Ct of Town of Hyde Park, Dutchess County 2005, Steinberg, J.]) the court granted defendant’s motion to dismiss the accusatory instrument charging the defendant with criminal contempt, second degree (Penal Law § 215.50 [3]), as being facially insufficient pursuant to CPL 170.30 (1) (a).
In that case the defendant was charged with violating an order of protection directing him to stay 500 feet away from his child’s mother except for exercising his visitation with his son at the McDonalds by Marist College. However, the same order directed that the order “shall NOT apply to such reasonable and peaceful contact and communication. ”[7] In that case the complainant argued that the defendant’s attempt to exercise his visitation rights at a location other than the McDonalds by Marist College violated said order of protection. There was no indication that the defendant violated any other provision of *871 law at the time in question. In granting the defendant’s motion to dismiss for lack of sufficiency the court relied on the often-stated principal that “the ambiguity in the order insofar as describing what a defendant is required to do or, more to the point, not do, should be resolved in favor of the defendant when such conduct would not run afoul of any other criminal statute.”[8]
An information must set out evidentiary allegations that are nonhearsay in nature, which, if true, would establish every element of the offense charged and that the defendant committed the offense. (See CPL 100.15 [3]; 100.40 [1] [c].) “The wilful type of conduct contemplated by Penal Law, Section 215.50 must be of a kind that justifies a belief that a defendant’s intent was to defy the authority of the court or evade its mandate.”[9] Nevertheless, conclusory allegations can never be the basis of a sufficient accusatory instrument. (People v Dumas, 68 NY2d 729, 731 [1986].)
In the instant case the defendant’s action in contacting the complainant’s friends and family via her “Friends List” would not in the normal course of events violate any provision of law. In addition, the defendant was not directed to stay away from the friends and family of the complainant. Lastly, the accusatory instruments do not allege that the defendant was intentionally attempting to contact the complainant through her Friends List, only that the defendant was not to contact her through a third person. As a result, the information herein neither sets out “facts of an evidentiary character supporting or tending to support the charges” as required by CPL 100.15 (3), nor does the information allege “every element of the offense charged and the defendant’s commission thereof’ as required by CPL 100.40 (1) (c). In fact the allegations in the information herein are conclusory.
B. Stalking, Fourth Degree, Penal Law § 120.45 (2)
Penal Law § 120.45 (2) states as follows:
“A person is guilty of stalking in the fourth degree when he or she intentionally, and for no legitimate purpose, engages in a course of conduct directed at a specific person, and knows or reasonably should know that such conduct:
“2. causes material harm to the mental or emotional *872 health of such person, where such conduct consists of following, telephoning or initiating communication or contact with such person, a member of such person’s immediate family or a third party with whom such person is acquainted, and the actor was previously clearly informed to cease that conduct.”
Again, the defendant is accused of contacting the complainant’s family and friends as listed on her Facebook account. The defendant’s motion for insufficiency argues that the factual portion of the information and the supporting deposition fails to meet the requirements of CPL 100.40 (1) (c) which requires that the “[n] on-hearsay allegations of the factual part of the information and/or of any supporting depositions establish, if true, every element of the offense charged and the defendant’s commission thereof.” The defendant argues that the people fail to set out four nonhearsay allegations, which if true, would establish them as elements of the offense of stalking in the fourth degree, i.e, lack of legitimate purpose, course of conduct, material harm and a previous demand to cease the specific conduct.
A. Lack of Legitimate Purpose
Neither the complaint nor the supporting deposition allege that the defendant’s communications to the complainant’s family and friends lacked a legitimate purpose. Nor did the accusatory instruments suggest why that was so. In fact, in a case wherein the defendant was charged with aggravated harassment the Appellate Term, Second Department, stated that
“the mere recitation, in the accusatory instrument, of defendant’s threat to the complainants does not establish such element. This is so, notwithstanding the fact that a determination that a telephone call had ‘no purpose of legitimate communication’ may involve subjective analysis (see e.g. Shack, 86 NY2d at 538). Accordingly, inasmuch as the failure to allege the foregoing in the accusatory instrument is a nonwaivable jurisdictional defect (see People v Alejandro, 70 NY2d 133, 135-136 [1987]), that part of the judgment convicting defendant of aggravated harassment in the second degree is reversed and the count of the accusatory instrument relating to said charge is dismissed.” (People v Singh, 1 Misc 3d 73, 74 [2003].)
*873 B. Course of Conduct
In has been held that “the term ‘course of conduct’ may reasonably be interpreted to mean a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose.” (People v Payton, 161 Misc 2d 170, 174 [1994].) There is no allegation in the information as to the number of “letters” that were sent out to the said family and friends of the complainant. Presumably every letter would be a separate event despite the allegation that the contacts took place on one day. Nevertheless, there is no allegation that the defendant engaged in a course of conduct toward the complainant or her immediate family or a third party with whom the complainant is acquainted. Instead the accusatory instruments rely solely on the existence of the said order of protection.
C. Material Harm to the Mental or Emotional Health of Such Person
Neither the factual part of the complaint nor the supporting deposition allege nonhearsay allegations that would establish, if true, that the defendant knew or reasonably should have known that his conduct would cause material harm to the mental or emotional health of the complainant, as proscribed by stalking in the fourth degree. (Penal Law § 120.45 [2].) Defendant argues in his motion that such failure renders the accusatory instruments herein insufficient pursuant to CPL 100.40 (1) (c).[10] The Court of Appeals in People v Casey (95 NY2d 354, 362 [2000]) held that failure to allege one of the elements of the crime is fatal to the sufficiency of an information.
D. Previously Clearly Informed to Cease That Conduct
The defendant was ordered by the Family Court order of protection in pertinent part as follows: “Respondent is to have no contact with Petitioner including personal or through third person.” The order of protection does not order the defendant to have no contact with the individuals that happen to be listed on the complainant’s Facebook account. Nor does it order the defendant to have no contact with the family, friends or acquaintances of the complainant.
*874 “The hallmark of an order of protection — . particularly stay-away and not to contact provisions — is to make unlawful conduct that would otherwise be lawful. For this reason, the courts recognize that in order to find that a defendant has violated such an aspect of an order of protection, the proscribed conduct must be carefully and clearly delineated by the Court. Only by so doing can a Court fairly apprise a party to conform his conduct— which, but for the order of protection, would not bear the taint of illegality — to the order’s terms. Ambiguity in the order insofar as describing what a defendant is required to do or, more to the point, not do, should be resolved in favor of the defendant when such conduct would not run afoul of any other criminal statute.” (People v Pucilowski, 4 Misc 3d 1019[A], 2004 NY Slip Op 50947[U], *3 [2004].)
The accusatory instrument charging the defendant with stalking in the fourth degree fails to allege that the defendant was previously ordered to refrain from the action in question, that is not to contact the family and/or friends of the complainant as listed on the complainant’s Facebook account.
Conclusion
For the reasons set forth above the accusatory instruments charging the defendant with criminal contempt, second degree (Penal Law § 215.50 [3]) and stalking, fourth degree (Penal Law § 120.45 [2]) are insufficient on their face. As a result, the charges are hereby dismissed. Thus, the court need not address the issue of constitutionally protected free speech raised by the defendant.

. The order of protection was in effect until March 9, 2011.

. This is the allegation as set out in the complaint charging the defendant with criminal contempt, second degree. The accusatory instrument charging the defendant with stalking, fourth degree, alleges in sum and substance the same set of facts.

. Id. at *1.

. Id. at *3.

. Id.

. Id. at *5.

. 2005 NY Slip Op 51639(U), *2.

. Id. at *4.

. 2005 NY Slip Op 51639(U), *4.

. See also CPL 100.15 (3) which requires that “the factual part of such instrument must contain a statement of the complainant alleging facts of an evidentiary character supporting or tending to support the charges.”