Appeal by the defendant from a judgment of the Supreme Court, Kings County (Guzman, J.), rendered January 5, 2010, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is reversed, on the law, and a new trial is ordered.
Criminal Procedure Law § 270.20 (1) (b) provides that a party *823 may challenge a prospective juror for cause if the juror “has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial.” Upon such a challenge for cause, a juror who has revealed doubt about his or her ability to serve impartially must be excused unless the juror states unequivocally on the record that he or she can be fair (see People v Arnold, 96 NY2d 358, 362 [2001]; People v Johnson, 94 NY2d 600, 615 [2000]; People v Blyden, 55 NY2d 73, 78 [1982]; People v Borges, 90 AD3d 1067 [2011]; People v MacFarlane, 87 AD3d 700, 701 [2011]). A prospective juror’s responses, construed as a whole, must demonstrate an “absolute belief that his [or her] opinion will not influence his [or her] verdict’ ” (People v Goodwin, 64 AD3d 790, 792 [2009], quoting People v Culhane, 33 NY2d 90, 107 [1973]).
Here, during voir dire, in response to questions from defense counsel, the prospective juror at issue stated that she could be “fair,” but also stated that if she were on trial she would not want herself on a jury because “I don’t think that I would be fair.” Although the prospective juror stated that she would “follow the law,” as instructed by the court, she did not unequivocally state that she would be impartial. Once the prospective juror expressed doubt regarding her ability to be impartial, it was incumbent upon the court to ascertain that she would render an impartial verdict based on the evidence (see People v Arnold, 96 NY2d 358 [2001]; People v Borges, 90 AD3d 1067 [2011]; People v Goodwin, 64 AD3d 790 [2009]; People v Yattang Ng, 298 AD2d 470, 471 [2002]). This was not done. As a result, the Supreme Court erred in denying the defendant’s challenge for cause to the prospective juror. The failure to grant the defendant’s challenge for cause constituted reversible error because the defendant exhausted all of his peremptory challenges prior to the completion of jury selection (see CPL 270.20 [2]; People v Torpey, 63 NY2d 361, 365 [1984]; People v Borges, 90 AD3d at 1068; People v MacFarlane, 87 AD3d at 702; People v Goodwin, 64 AD3d at 791). Dillon, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.