[1 NYS3d 787]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v WILLIE J. ERVIN, Defendant.

Criminal Court of the City of New York, New York County, January 27, 2015

### APPEARANCES OF COUNSEL

*The Legal Aid Society* (*Michelle McGrath* of counsel) for defendant.

*Cyrus R. Vance, Jr., District Attorney* (*Meredith Dempsey* of counsel), for plaintiff.

### OPINION OF THE COURT

STEVEN M. STATSINGER, J.

Defendant, charged with criminal contempt in the second degree (Penal Law § 215.50 [3]), moves to dismiss, arguing that the information is facially insufficient.[1] The case presents a question of first impression: In a criminal contempt case where the order of protection is subject to modification by subsequent family court order, need the information allege the absence of a family court order that would have permitted the allegedly contumacious conduct?

For the reasons that follow, the court answers this question in the negative. Defendant's motion to dismiss for facial insufficiency is accordingly denied.[2]

## I. Factual Background

### A. The Allegations

According to the accusatory instrument, on January 23, 2013, the complainant received two calls from defendant on her cell phone, in violation of a temporary order of protection issued in her favor.

### B. The Underlying Order of Protection

The temporary order of protection was entered in Queens County Criminal Court on November 19, 2012 and bore an expiration date of May 17, 2013. The order directed the defendant, in pertinent part, to "[r]efrain from communication or any other contact by mail, telephone, e-mail, voice mail or other electronic or any other means with" the complainant. The order also provided that it was "SUBJECT TO ALL SUBSEQUENT FAMILY COURT ORDERS OF VISITATION AND

---

**1.** Defendant also moves to suppress certain post-arrest statements. As to that, the People have consented to a *Huntley/Dunaway* hearing.

**2.** In deciding this motion, the court has considered the written arguments of the parties, the documents in the court file and the relevant statutes and case law.

CUSTODY." As to service, the order indicated that a copy was served on defendant personally in court, and that he was advised of its contents.

## C. Legal Proceedings

Defendant was arraigned on March 14, 2014 on a misdemeanor complaint charging him with one count criminal contempt in the second degree, in violation of Penal Law § 215.50 (3). The court set bail and adjourned the case for conversion. Defendant filed the instant motion to dismiss on October 17, 2014 and the People responded on November 26. The motion has been sub judice since then.

## II. The Information

The misdemeanor complaint, sworn out by police officer Rene Salcedo, provides that

> "I am informed by Mary Urbina . . . that [on January 23, 2013, in New York County] the defendant called her twice on her cell phone while she was at home. The defendant's conduct is in direct violation of a valid Order of Protection, issued in Queens County Criminal Court by Hon. Judge Gerald, on November 19, 2012, in conjunction with Docket No. 2012QN060341. The order expired on May 17, 2013, and orders the defendant to stay away from Ms. Urbina and refrain from communicating with her via telephone. The Order of Protection was served on the Defendant when he was present in court on November 19, 2012."

The People filed the underlying order of protection at defendant's arraignment, and filed the supporting deposition of Ms. Urbina on March 19, 2014, on which date the misdemeanor complaint was deemed converted to an information.

## III. Discussion

Defendant is charged with criminal contempt in the second degree, under Penal Law § 215.50 (3). He is alleged to have telephoned the complainant twice, in violation of a temporary order of protection, which order was itself subject to modification by subsequent family court order. His motion to dismiss argues that the information is facially insufficient in that it fails to allege the absence of a family court order that would have permitted telephonic contact. For the reasons that follow, the court rejects this argument.

## A. Facial Sufficiency in General

A misdemeanor information serves the same role in a misdemeanor prosecution that an indictment serves in a felony prosecution: It ensures that a legally sufficient case can be made against the defendant. (*People v Dumay*, 23 NY3d 518 [2014]; *People v Alejandro*, 70 NY2d 133, 138-139 [1987].) Accordingly, a misdemeanor information must set forth "nonhearsay allegations which, if true, establish every element of the offense charged and the defendant's commission thereof." (*People v Kalin*, 12 NY3d 225, 228-229 [2009], citing *People v Henderson*, 92 NY2d 677, 679 [1999] and CPL 100.40 [1] [c].) This is known as "the prima facie case requirement." (*Kalin*, 12 NY3d at 229.)

The prima facie case requirement does not necessitate that the information allege facts that would prove defendant's guilt beyond a reasonable doubt. (*People v Jennings*, 69 NY2d 103, 115 [1986].) Rather, the information need only contain allegations of fact that "give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense." (*People v Casey*, 95 NY2d 354, 360 [2000].) A court reviewing for facial insufficiency must subject the allegations in the information to a "fair and not overly restrictive or technical reading" (*id.*), assume that those allegations are true, and consider all reasonable inferences that may be drawn from them. (CPL 100.40, 100.15; *People v Jackson*, 18 NY3d 738, 747 [2012]; *see also Casey*, 95 NY2d at 360.)

Under this standard, the information here is facially sufficient.

## B. The People Need Not Plead the Absence of a Subsequent Family Court Order

Precedent compels the court to conclude that, in a criminal contempt case, the People need not plead the absence of a family court order that might have permitted conduct alleged to have occurred in violation of a temporary order of protection. Defendant, however, remains free to raise the existence of such a family court order as a trial defense.

### 1. "Subject to Modification by Subsequent Family Court Order"

Criminal Procedure Law § 530.12 (1) (a) (1) permits a court to issue a temporary order of protection in connection with a securing order or as a condition of the defendant's bail or release on recognizance. Subdivision (1) (a) (2) permits such an

order to include a condition that would permit a "parent, or a person entitled to visitation by a court order or a separation agreement, to visit the child at stated periods." Although not expressly authorized in section 530.12, courts typically implement section 530.12 (1) (a) (2) by making the temporary order of protection subject to modification by subsequent family court order.

Penal Law § 215.50 (3) makes it a criminal offense for a defendant to intentionally disobey "the lawful process or other mandate of a court," including a temporary order of protection, other than one "arising out of a labor dispute." It appears, however, that no court has considered the relationship between these two statutes; that is, no court has considered the effect of "subject to modification by subsequent family court order" language on a subsequent prosecution for criminal contempt based on an allegation that the defendant violated an order of protection that, as here, was subject to such a proviso.

Nevertheless, it is clear that there is no jurisdictional defect in the instant pleading, even though it does not allege the absence of a family court order that might have permitted defendant to contact the complainant telephonically.

2. The People Need Not Plead the Absence of a Family Court Order

With respect to motions to dismiss addressing the scope of an order of protection, the Court of Appeals has indicated that the preferred course in most such cases is to permit the defendant to assert the claim as a trial defense, and not to dismiss the case. (*People v Konieczny*, 2 NY3d 569, 577 [2004] ["(W)hether the order was (valid) on the date of the contumacious conduct( ) was a matter to be raised as (a) . . . defense to the contempt charge, not by insistence that this information was jurisdictionally defective" (citation and internal quotation marks omitted)].) In addition, as this court has noted, public policy strongly counsels in favor of deterring defendants from violating orders of protection as a means of testing their validity, a policy that is best served by refraining from dismissing criminal contempt charges absent a truly compelling reason to do so. (*People v Ellis*, 45 Misc 3d 716 [Crim Ct, NY County 2014, Statsinger, J.].)

Accordingly, a facial insufficiency motion should only be granted in a criminal contempt case involving the violation of an order of protection when the defect in the order is genuinely clear on its face. Thus, for example, in *People v Muchuca* (43

Misc 3d 1220[A], 2014 NY Slip Op 50727[U] [Crim Ct, NY County 2014, Statsinger, J.]), this court dismissed an information charging criminal contempt where, due to a clerical error, the order of protection the defendant was accused of violating bore an expiration date of January 2, 2013, instead of January 2, 2014. Since the 2013 date was before the date upon which the defendant was alleged to have violated the order, that order had "expired according to its own terms" before the offense had been committed, and the information was facially insufficient. (*Id.*, following *People v Cordwell*, 11 AD3d 731 [3d Dept 2004].) Similarly, in *People v Kelley* (42 Misc 3d 1221[A], 2014 NY Slip Op 50112[U] [Crim Ct, NY County 2014, Statsinger, J.]), where defendant was charged with violating an order of protection by telephoning the complainant, this court dismissed the contempt charge because the box on the order forbidding telephonic communication had not been checked.

Finally, and relatedly, *People v Garcia* (46 Misc 3d 620 [Crim Ct, NY County 2014, Statsinger, J.]) involved a prosecution under Penal Law § 135.45 (1), an offense that required the People to establish that the defendant knew about a family court custody order. Since the custody order itself contained no indication that it had been served on the defendant, and there was no other fact pleaded that could support defendant's knowledge of the order, the information was facially insufficient. (*See also People v Welte*, 31 Misc 3d 867 [Webster Town Ct 2011] [contempt information dismissed where terms of order of protection did not prohibit defendant from contacting complainant's social media "friends," the only contumacious conduct alleged].)

On the other hand, in cases where a motion to dismiss has been grounded on a claim that did not arise from something apparent from the face of the order of protection, courts have generally refused to dismiss. Thus, for example, in *People v Rosario* (44 Misc 3d 1204[A], 2014 NY Slip Op 51017[U] [Crim Ct, NY County 2014, Statsinger, J.]), this court denied a motion to dismiss where the defendant claimed that he did not understand the terms of a temporary order of protection because there was no Spanish interpreter present in court—none had been requested—when the order was entered. The court held that "[w]hether, and to what extent, defendant understood the [order] are questions for the finder of fact at trial." (*Id.* at *6.) Similarly, in *Konieczny* (2 NY3d 569), the Court of Appeals rejected a claim that a criminal contempt in-

formation was jurisdictionally defective because it was issued in favor of a party who was neither a victim nor a witness.

This case is clearly more like *Rosario* and *Konieczny* than the others discussed above. Defendant points to no defect on the face of the order of protection. Rather, he posits the possibility of an extrinsic fact that, if true, might exonerate him: the existence of a family court order that would have permitted him to telephone the complainant. Under *Konieczny*, this should be "raised as an evidentiary defense to the contempt charge" at trial. (*Id.* at 575, citing *Casey.*)

This case is also analogous to *People v Kohut* (30 NY2d 183 [1972]). There, the Court held that "limitation-tolling facts"— those that might save an otherwise untimely prosecution— need not be alleged in an indictment:

> "Essential allegations are generally determined by the statute defining the crime. If the defining statute contains an exception, the indictment must allege that the crime is not within the exception. But when the exception is found outside the statute, the exception generally is a matter for the defendant to raise in defense, either under the general issue or by affirmative defense." (30 NY2d at 187.)

The circumstance that the defendant alleges here is a close analog to the type of "exception . . . found outside the statute" identified in *Kohut*. Since it is not one that is contained in the Penal Law section under which he is charged, under *Kohut*, it is a matter for him to raise as a defense, and is not a jurisdictional defect in the pleading.

Finally, the court notes that the People are never required to plead the absence of each and every fact that might negate the defendant's guilt. For example, in *People v Santana* (7 NY3d 234 [2006]), the Court of Appeals considered whether, given that Penal Law § 215.50 (3), by its own terms, does not apply to court orders arising out of labor disputes, an information was jurisdictionally deficient because it did not allege that the crime did not arise from a labor dispute. The Court held that it was not: The labor dispute clause "operates as a proviso that the accused may raise in defense of the charge rather than an exception that must be pleaded by the People in the accusatory instrument." (7 NY3d at 237.) It is fully consistent with *Santana*, then, to conclude that, in a criminal contempt case where the order of protection defendant is alleged to have violated is subject to modification by subsequent family court order, the

People need not plead the absence of a family court order that might have permitted the allegedly contumacious conduct.

## C. Conclusion

Since defendant's motion is based on a purported defect that is not apparent from the face of the temporary order of protection, his motion to dismiss for facial insufficiency is denied.

## IV. Conclusion

For the foregoing reasons, defendant's motion to dismiss for facial insufficiency is denied.