■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO MONTERO, Appellant. [13 NYS3d 404]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J.), rendered May 9, 2012, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a prison term of 2 to 4 years, unanimously affirmed.

The court properly denied defendant's suppression motion. Police observed defendant, who was standing in the lobby of a Housing Authority building, open the door for another man

who had been standing around outside, apparently waiting for access. The officers were aware that the building was normally entered either by means of a key or by being buzzed in by someone in an apartment. Defendant and the other man remained in the lobby for several minutes without going towards the elevators. Their behavior provided the police with an objective, credible reason to make a minimally intrusive inquiry into whether they lived there (*see People v Wighfall*, 55 AD3d 347 [1st Dept 2008], *lv denied* 11 NY3d 931 [2009]). Although the behavior of the two men may have had innocent explanations, a request for information "need be supported only by an objective credible reason not necessarily indicative of criminality" (*People v Hollman*, 79 NY2d 181, 185 [1992]). Contrary to defendant's contention, this is not a case where the officer's request for information was based merely on a defendant's presence in a drug prone location or desire to avoid contact with police (*see People v Johnson*, 109 AD3d 449, 450 [1st Dept 2013], *appeal dismissed* 23 NY3d 1001 [2014]).

Defendant's remaining suppression arguments are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. In particular, defendant's answer to the officer's question justified, at least, a further inquiry. The officer's request that defendant remain in the lobby to investigate whether defendant and the other man were residents or guests of the building was not a seizure (*see e.g. People v Francois*, 61 AD3d 524, 525 [1st Dept 2009], *affd* 14 NY3d 732 [2010]), and the information the officers ultimately learned upon investigation provided them with probable cause to arrest defendant for criminal trespass (*see e.g. People v Lozado*, 90 AD3d 582, 583-584 [1st Dept 2011], *lv denied* 18 NY3d 925 [2012]). Concur—Gonzalez, P.J., Friedman, Renwick, Moskowitz and Clark, JJ.