*1152 Appeal by the defendant from a judgment of the County Court, Suffolk County (Kahn, J.), rendered November 15, 2013, convicting him of predatory sexual assault against a child, sexual abuse in the first degree, course of sexual conduct against a child in the first degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
Ordered that the judgment is reversed, on the law, and a new trial is ordered.
The defendant’s contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review, as he did not raise the specific contentions he now raises on appeal when making his motion for a trial order of dismissal (see CPL 470.05 [2]; People v Collins, 122 AD3d 873 [2014]; People v Crooks, 118 AD3d 816 [2014]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence.
Nonetheless, the judgment must be reversed, and a new trial ordered.
CPL 270.20 (1) (b) provides that a prospective juror may be challenged for cause if the juror “has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial.” Where an issue is raised concerning the ability of a prospective juror to be fair and impartial, the prospective juror must state unequivocally that his or her prior state of mind will not influence his or her verdict, and that he or she will render an impartial verdict based solely on the evidence (see People v Bludson, 97 NY2d 644, 646 [2001]; People v Chambers, 97 NY2d 417 [2002]; People v Johnson, 94 NY2d 600, 614 [2000]; People v Blyden, 55 NY2d 73, 77-78 [1982]; People v Alvarez, 130 AD3d 1054 [2015]; People v Garcia, 125 AD3d 882 [2015]). A prospective juror’s responses, construed as a whole, must demonstrate an absolute belief that his or her prior opinion *1153 will not influence his or her verdict (see People v Culhane, 33 NY2d 90, 107 [1973]; People v McQuade, 110 NY 284, 301 [1888]; People v Alvarez, 130 AD3d at 1054; People v Garcia, 125 AD3d at 883; People v Goodwin, 64 AD3d 790 [2009]).
Here, during voir dire, one prospective juror indicated in response to questioning by defense counsel that, because she had a 14-year-old daughter and a 17-year-old daughter, this “could” weigh on her ability to be fair and impartial because “[t]hey are the same age range” as the complainant. When defense counsel followed up by asking, “[w]ould you fear whether or not you could be fair and impartial?,” the prospective juror responded by stating, “I think it would be hard for me to watch a witness, being that I have daughters the same age.”
Once the prospective juror expressed doubt regarding her ability to be impartial, it was incumbent upon the court to ascertain that she would render an impartial verdict based on the evidence (see People v Arnold, 96 NY2d 358 [2001]; People v Weber, 103 AD3d 822 [2013]; People v Borges, 90 AD3d 1067 [2011]). This was not done. As a result, the County Court erred in denying the defendant’s challenge for cause to the prospective juror. The failure to grant the defendant’s challenge for cause constituted reversible error because the defendant exhausted all of his peremptory challenges prior to the completion of jury selection (see CPL 270.20 [2]; People v Torpey, 63 NY2d 361 [1984]; People v Weber, 103 AD3d at 823; People v Borges, 90 AD3d at 1068; People v Harris, 14 AD3d 622 [2005]).
In light of our determination, the defendant’s remaining contentions have been rendered academic.
Eng, P.J., Hall, Sgroi and Duffy, JJ., concur.