■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE HUTTHINSON, Appellant. [54 NYS3d 116]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cyrulnik, J.), rendered September 15, 2009, as amended September 22, 2009, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review

the denial, after a hearing (Gary, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Contrary to the defendant's contention, the Supreme Court properly denied suppression of a handgun and his statements made to law enforcement officials (see People v Hollman, 79 NY2d 181, 190-191 [1992]; People v De Bour, 40 NY2d 210 [1976]; People v Karagoz, 143 AD3d 912 [2016]; People v Montero, 130 AD3d 474 [2015]; People v Sims, 106 AD3d 1473 [2013]; People v Wannamaker, 93 AD3d 426 [2012]).

However, we agree with the defendant that the Supreme Court erred during jury selection in denying his for-cause challenge to prospective juror number 12 given her admission that her experience as a crime victim would make it difficult for her to be fair and impartial (see CPL 270.20 [1] [b]; People v Chambers, 97 NY2d 417, 419 [2002]).

"Criminal Procedure Law § 270.20 (1) (b) provides that a party may challenge a prospective juror for cause if the juror 'has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence [adduced] at the trial'" (People v Bludson, 97 NY2d 644, 645 [2001], quoting CPL 270.20 [1] [b]). Where an issue is raised concerning the ability of a prospective juror to be fair and impartial, the prospective juror must state unequivocally that his or her prior state of mind will not influence his or her verdict, and that he or she will render an impartial verdict based solely on the evidence (see People v Bludson, 97 NY2d at 646; People v Chambers, 97 NY2d 417 [2002]; People v Johnson, 94 NY2d 600, 614 [2000]; People v Blyden, 55 NY2d 73, 77-78 [1982]; People v Alvarez, 130 AD3d 1054 [2015]; People v Garcia, 125 AD3d 882 [2015]). A prospective juror's responses, construed as a whole, must demonstrate an absolute belief that his or her prior opinion will not influence his or her verdict (see People v Culhane, 33 NY2d 90, 107 [1973]; People v McQuade, 110 NY 284, 301 [1888]; People v Valdez, 138 AD3d 1151, 1152-1153 [2016]; People v Alvarez, 130 AD3d at 1054; People v Garcia, 125 AD3d at 883; People v Goodwin, 64 AD3d 790 [2009]).

Here, prospective juror number 12 stated unequivocally that her experience as a crime victim, which she described as "traumatic," would make it hard for her to be fair and impartial in this case. The prospective juror's follow-up statement that she would "have to hear the case" before she could make a de-

cision did not rehabilitate her initial response (*cf. People v Goodwin*, 64 AD3d 790 [2009]).

Inasmuch as the sum of the prospective juror's statements revealed a state of mind likely to preclude her from rendering an impartial verdict based upon the evidence adduced at the trial (*see* CPL 270.20 [1] [b]; *People v Chambers*, 97 NY2d at 419; *People v Arnold*, 96 NY2d 358, 362 [2001]), the challenge for cause should have been allowed (*see People v Barreto*, 70 AD3d 959 [2010]). Since the defendant subsequently exercised a peremptory challenge to remove the prospective juror, and later exhausted his allotment of peremptory challenges, the conviction must be reversed, and a new trial ordered (*see* CPL 270.20 [2]; *People v Garcia*, 125 AD3d at 884; *People v Goodwin*, 64 AD3d 790 [2009]). Leventhal, J.P., Sgroi, LaSalle and Barros, JJ., concur.