Judgment, Supreme Court, Bronx County (Steven L. Barrett, J.), rendered April 6, 2015, convicting defendant, after a jury trial, of murder in the second degree, manslaughter in the first degree, three counts of robbery in the first degree, two counts of robbery in the second degree, and two counts of criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 40 years to life, unanimously reversed, on the law, and the matter remanded for a new trial.
 

 The court should have granted defendant’s challenge for cause to a prospective juror, a police officer who stated on voir dire that he believed that the testimony of police witnesses would be accurate, except insofar as they were relaying inaccurate information provided by a victim or other witness. Pressed by defense counsel on whether he thought it was possible for a police witness to lie, exaggerate, or be mistaken, the prospective juror allowed that there was “a little room” for this and stated that he “suppose [d]” it was possible.
 

 “[A] prospective juror whose statements raise a serious doubt regarding the ability to be impartial must be excused unless the juror states unequivocally on the record that he or she can be fair and impartial” (People v Chambers, 97 NY2d 417, 419 [2002]). Bias expressed by a prospective juror is purged only when, in response to additional inquiry, the juror is able to “voice [ ] with conviction” that he or she will be able to render an impartial verdict based solely on the evidence and the court’s instructions (People v Blyden, 55 NY2d 73, 78 [1982]). The link between the biased state of mind previously indicated by the prospective juror’s statements and the assurance of the ability to render an impartial verdict “must be evident” (People v Warrington, 28 NY3d 1116, 1120 [2016]). “Where there remains any doubt in the wake of such statements, . . . the prospective juror [s] should be discharged for cause” (Blyden, 55 NY2d at 78).
 

 The panelist clearly showed a predisposition to believe that police officers testify truthfully (see People v Sanchez, 60 AD3d 442 [1st Dept 2009], lv denied 12 NY3d 920 [2009]). Viewed as a whole, his responses to followup questions did not “expressly state that his prior state of mind . . . [would] not influence his verdict” (People v Biondo, 41 NY2d 483, 485 [1977]).
 

 Since we are ordering a new trial, we find it unnecessary to reach any other issues.
 

 Concur — Friedman, J.P., Richter, Moskowitz and Gesmer, JJ.