Appeal by the defendant from a judgment of the Supreme Court, Kings County (Balter, J.), rendered February 10, 2015, convicting him of assault in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.
 

 Ordered that the judgment is reversed, on the law, and a new trial is ordered.
 

 CPL 270.20 (1) (b) provides that a prospective juror may be challenged for cause if the juror “has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial.” Where an issue is raised concerning the ability of a prospective juror to be fair and impartial, the prospective juror must state unequivocally that his or her prior state of mind will not influence his or her verdict, and that he or she will render an impartial verdict based solely on the evidence (see People v Chambers, 97 NY2d 417 [2002]; People v Bludson, 97 NY2d 644, 646 [2001]; People v Johnson, 94 NY2d 600, 614 [2000]; People v Blyden, 55 NY2d 73, 77-78 [1982]; People v Alvarez, 130 AD3d 1054 [2015]; People v Garcia, 125 AD3d 882 [2015]). A prospective juror’s responses, construed as a whole, must demonstrate an absolute belief that his or her prior opinion will not influence his or her verdict (see People v Culhane, 33 NY2d 90, 107 [1973]; People v Goodwin, 64 AD3d 790, 792 [2009]).
 

 Here, during voir dire, a prospective juror indicated in response to questioning by defense counsel that she felt “you are never in the right if you respond to aggression with physical violence” and should “always turn the other cheek,” and that it was possible her belief could influence how she would decide the case. When the Supreme Court followed up by asking the prospective juror if her “religious beliefs” affected her verdict when she previously served on a criminal jury, she stated “I’m an atheist.” The court did not inquire further into the prospective juror’s ability to render an impartial verdict.
 

 Under the circumstances of this case, the prospective juror’s statements revealed a state of mind likely to preclude her from rendering an impartial verdict, and thus, it was incumbent upon the Supreme Court to ascertain that she would render an impartial verdict based on the evidence (see People v Arnold, 96 NY2d 358, 362 [2001]; People v Alvarez, 130 AD3d at 1054-1055). The court failed to obtain an unequivocal assurance from the prospective juror, who never indicated that “religious beliefs” might influence her decision, that she would render an impartial verdict based on the evidence despite her feelings about the use of violence (see People v Wright, 30 NY3d 933 [2017]; People v Valdez, 138 AD3d 1151, 1153 [2016]; People v Campbell, 111 AD3d 760, 761 [2013]; People v Goodwin, 64 AD3d at 792). Further, the court’s collective inquiry to the whole panel as to whether “everybody here” could be fair and impartial was insufficient to constitute an unequivocal declaration of impartiality from the prospective juror at issue (see People v Arnold, 96 NY2d at 363-364; People v Ortiz, 37 AD3d 361, 363 [2007]). Since the court denied the defense’s challenge for cause to this prospective juror, and the defense exhausted its allotment of peremptory challenges prior to the completion of jury selection, we must reverse the judgment and order a new trial (see CPL 270.20 [2]; People v Hutthinson, 150 AD3d 887, 889 [2017]; People v Valdez, 138 AD3d at 1153).
 

 In light of our determination, the defendant’s remaining contentions have been rendered academic.
 

 Mastro, J.P., Hall, Miller and Brathwaite Nelson, JJ., concur.