The People of the State of New York, Respondent,
against
Anthony Yodice, Appellant.




Appellate Advocates (Erin Tomlinson of counsel), for appellant.
Queens County District Attorney, (John M. Castellano, Johnnette Traill, Nancy Fitzpatrick Talcott and Ayelet Sela of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Queens County (Donna Marie Golia, J., at the suppression hearing; Ernest F. Hart, J., at trial; Althea E. M. Drysdale, J., at sentencing), rendered August 14, 2015. The judgment convicted defendant, upon a jury verdict, of operating a bicycle on a sidewalk, and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, and, as a matter of discretion in the interest of justice, the accusatory instrument is dismissed.
On June 30, 2014, the People charged defendant, in an information, with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03) and operating a bicycle on a sidewalk (New York City Administrative Code [Code] § 19-176 [c]). After a jury trial, defendant was convicted of operating a bicycle on a sidewalk and acquitted of the remaining count. 
Code § 19-176 (b) and (c) provide in pertinent part as follows:
"b. No person shall ride a bicycle upon any sidewalk unless permitted by an official sign. A person who violates this subdivision . . . shall be liable for a civil penalty of not more than [$100]" (emphasis added).
"c. A person who violates subdivision b of this section in a manner that endangers any [*2]other person or property shall be guilty of a misdemeanor." Contrary to defendant's contention, the accusatory instrument was facially sufficient to allege a violation of Code § 19-176 (c) notwithstanding the absence of facts establishing that there was no official sign permitting the conduct at issue (see People v Davis, 13 NY3d 17, 31 [2009]; People v Sandlin, 51 Misc 3d 132[A], 2016 NY Slip Op 50416[U], *1 [App Term, 1st Dept 2016]). We also find that the trial proof was legally sufficient to support the conviction (see People v Contes, 60 NY2d 620, 621 [1983]), and that the conviction was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]).
However, we agree with defendant that a prospective juror, who revealed a pronounced bias in favor of police testimony and did not provide unequivocal assurance that he could nevertheless set that bias aside and render an impartial verdict on the evidence, should have been excused for cause (see CPL 270.20 [1] [b]; People v Nicholas, 98 NY2d 749, 752 [2002]; People v Johnson, 94 NY2d 600, 615-616 [2000]; People v Jones, 125 AD3d 403, 405-406 [2015]; People v MacFarlane, 87 AD3d 700, 701 [2011]; People v Sanchez, 60 AD3d 442, 442-443 [2009]). As "defendant subsequently exercised a peremptory challenge to remove the prospective juror, and later exhausted his allotment of peremptory challenges, the [judgment of] conviction must be reversed" (People v Hutthinson, 150 AD3d 887, 889 [2017]; see CPL 270.20 [2]; People v Wright, 30 NY3d 933 [2017]; People v Cahill, 2 NY3d 14, 50 [2003]; People v Francois, 156 AD3d 812 [2017]).
Instead of ordering a new trial, we dismiss the accusatory instrument as a matter of discretion in the interest of justice, since defendant has completed his sentence and, under the totality of the circumstances presented, we are of the opinion that no penological purpose would be served in restoring the proceeding (see People v Barrett-Jones, 60 Misc 3d 135[A], 2018 NY Slip Op 51055[U], *2 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]; People v Moore, 48 Misc 3d 143[A], 2015 NY Slip Op 51337[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2015]; cf. People v Allen, 39 NY2d 916, 917-918 [1976]).
Accordingly, the judgment of conviction is reversed and the accusatory instrument is dismissed.
PESCE, P.J., ALIOTTA and ELLIOT, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: November 30, 2018