The People of the State of New York, Respondent,
against
Christopher Basile, Appellant.




Mischel & Horn, P.C. (Richard E. Mischel of counsel), for appellant.
Westchester County District Attorney (Virginia A. Marciano and Steven A. Bender of counsel), for respondent.

Appeals from a judgment of the Justice Court of the Village of Larchmont, Westchester County (Jerry D. Bernstein, J.), rendered April 18, 2017, and from an amended sentence of that court imposed May 24, 2017. The judgment convicted defendant, upon a jury verdict, of four counts of criminal contempt in the second degree, and sentenced defendant to, among other things, serve five consecutive weekends of incarceration. The amended sentence vacated the sentence previously imposed and resentenced defendant to 30 days' incarceration.




ORDERED that the so much of the appeal as is from the portion of the judgment of conviction that imposed sentence is dismissed as academic, as that portion of the judgment of conviction was superseded by defendant's resentence on May 24, 2017; and it is further,
ORDERED that the judgment of conviction, insofar as reviewed, is reversed, on the law, and, as a matter of discretion in the interest of justice, the accusatory instrument is dismissed and the fine, if paid, is remitted; and it is further,
ORDERED that the appeal from the amended sentence is dismissed as academic.
Following a jury trial, defendant was convicted of four counts of criminal contempt in the second degree (Penal Law § 215.56 [3]) for violating an order of protection with respect to four victims.
We agree with defendant's contention that a prospective juror, who revealed a pronounced bias in favor of police testimony and did not provide unequivocal assurance that he could nevertheless set that bias aside and render an impartial verdict on the evidence, should have been excused for cause (see CPL 270.20 [1] [b]; People v Nicholas, 98 NY2d 749, 752 [2002]; People v Johnson, 94 NY2d 600, 615-616 [2000]; People v Jones, 125 AD3d 403, 405-406 [2015]; People v MacFarlane, 87 AD3d 700, 701 [2011]; People v Sanchez, 60 AD3d 442, 442-443 [2009]; People v Yodice, 61 Misc 3d 150[A], 2018 NY Slip Op 51757[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018]). As "defendant subsequently exercised a peremptory challenge to remove the prospective juror, and later exhausted his allotment of peremptory challenges, the [judgment of] conviction must be reversed" (People v Hutthinson, 150 AD3d 887, 889 [2017]; see CPL 270.20 [2]; People v Wright, 30 NY3d 933 [2017]; People v Cahill, 2 NY3d 14, 50 [2003]; People v Francois, 156 AD3d 812 [2017]).
Instead of ordering a new trial, we dismiss the accusatory instrument as a matter of discretion in the interest of justice, since defendant has completed his sentence and, under the totality of the circumstances presented, we are of the opinion that no penological purpose would be served in restoring the proceeding (see People v Yodice, 61 Misc 3d 150[A], 2018 NY Slip Op 51757[U], *1; cf. People v Allen, 39 NY2d 916, 917-918 [1976]).
In light of the foregoing, we need not address defendant's remaining contentions which, in any event, are without merit (see People v Casey, 95 NY2d 354 [2000]; People v Patterson, 78 NY2d 711 [1991]; People v Vega, 116 AD3d 454, 455 [2014]; People v Cordwell, 11 AD3d 731, 731 [2004]; People v Sanchez, 54 Misc 3d 139[A], 2017 NY Slip Op 50149[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2017]).
Accordingly, the judgment of conviction, insofar as reviewed, is reversed and the accusatory instrument is dismissed.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 21, 2019