People v Alvarez (2019 NY Slip Op 05555)





People v Alvarez


2019 NY Slip Op 05555


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2016-11453
 (Ind. No. 3590/15)

[*1]The People of the State of New York, respondent,
v
Raul Alvarez, appellant.


Paul Skip Laisure, New York, NY, for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Julian Joiris of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Matthew Sciarrino, Jr., J.), rendered October 5, 2016, convicting him of burglary in the third degree, criminal trespass in the third degree, criminal mischief in the third degree, attempted petit larceny, criminal possession of a controlled substance in the seventh degree, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
CPL 270.20(1)(b) provides that a prospective juror may be challenged for cause if the juror "has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial." "Where an issue is raised concerning the ability of a prospective juror to be fair and impartial, the prospective juror must state unequivocally that his or her prior state of mind will not influence his or her verdict, and that he or she will render an impartial verdict based solely on the evidence" (People v Valdez, 138 AD3d 1151, 1152; see People v Chambers, 97 NY2d 417; People v Bludson, 97 NY2d 644, 646; People v Johnson, 94 NY2d 600, 614; People v Blyden, 55 NY2d 73, 77-78; People v Alvarez, 130 AD3d 1054; People v Garcia, 125 AD3d 882). "A prospective juror's responses, construed as a whole, must demonstrate an absolute belief that his or her prior opinion will not influence his or her verdict" (People v Valdez, 138 AD3d at 1152-1153; see People v Culhane, 33 NY2d 90, 107; People v McQuade, 110 NY 284, 301; People v Alvarez, 130 AD3d at 1054; People v Garcia, 125 AD3d at 883; People v Goodwin, 64 AD3d 790).
Here, during voir dire, three of the prospective jurors demonstrated a state of mind that was likely to preclude them from rendering an impartial verdict (see CPL 270.20[1][b]), and the Supreme Court failed to obtain an unequivocal assurance that they could set aside any bias and render an impartial verdict based on the evidence (see People v Johnson, 94 NY2d at 614; People v Valdez, 138 AD3d at 1153; People v Brothers, 95 AD3d 1227, 1228; People v Henriques, 307 AD2d 937, 937-938). As a result, the court erred in denying the defendant's challenges for cause to those three prospective jurors. The failure to grant the defendant's challenges for cause constituted reversible error because the defendant exhausted all of his peremptory challenges prior to the completion of jury selection (see CPL 270.20[2]; People v Valdez, 138 AD3d at 1153).
LEVENTHAL, J.P., ROMAN, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court