■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL TOVAL, Appellant. [628 NYS2d 401] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Rosenzweig, J.), rendered June 15, 1993, convicting him of

criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the trial court did not improvidently exercise its discretion in denying the challenges to two prospective jurors for cause. We note this issue was only preserved for appellate review as to one juror, because only the counsel for a codefendant, and not the counsel for the defendant, raised an objection to the other juror the defendant now challenges. In any event, "[t]he determination as to whether a prospective juror can provide reasonable jury service in a given case is left largely to the discretion of the trial court, which can question and observe the prospective juror during voir dire" *(People v Pagan,* 191 AD2d 651, 651-652; *see also, People v Holder,* 204 AD2d 482). Neither prospective juror possessed a state of mind which would have precluded the defendant from receiving a fair trial *(see,* CPL 270.20).

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence *(see,* CPL 470.15 [5]).

The defendant's sentence was neither harsh nor excessive *(see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Pizzuto, J. P., Hart, Friedmann and Florio, JJ., concur.