THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KHALIQ HARRIS, Appellant. [789 NYS2d 210]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Walker, J.), rendered December 10, 2003, convicting him of rape in the second degree and endangering the welfare of a child, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his written statement to law enforcement officials.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress his incriminating written statement to law enforcement officials (*see People v Williams*, 222 AD2d 627 [1995]).

"CPL 270.20 (1) (b) allows a party to challenge a prospective juror for cause if the juror 'has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial.' Where such a challenge is made, 'a juror who has revealed doubt, because of prior knowledge or opinion, about [his or] her ability to serve impartially must be excused unless the juror states unequivocally on the record that [he or] she can be fair' " (*People v Kenner*, 8 AD3d 296, 297 [2004], quoting *People v Bludson*, 97 NY2d 644, 645 [2001]; *see People v Arnold*, 96 NY2d 358, 362 [2001]). " 'If there is any doubt about a prospective juror's impartiality, trial courts should err on the side of excusing the juror, since at worst the court will have replaced one impartial juror with an-

other' " (*People v Kenner, supra* at 297, quoting *People v Arnold, supra* at 362, quoting *People v Culhane,* 33 NY2d 90, 108 [1973]).

This matter involves the alleged statutory rape of a 13-year-old girl where the only direct evidence of the sexual act was her testimony. Here, during the course of voir dire, one prospective juror made a statement that cast doubt upon her ability to render a fair verdict under the proper legal standards when she indicated that, in her opinion, a child who testified would have "[n]othing to gain by fabricating." Additionally, another prospective juror failed to provide an unequivocal assurance that she would be able to render a verdict based solely upon the evidence adduced at trial. In both of these instances, the court should have granted the defendant's challenges for cause. Since the defendant exhausted his peremptory challenges prior to the completion of jury selection, this constituted reversible error (*see People v Kenner, supra* at 297-298).

Since we are ordering a new trial, we note that the trial court erred in allowing the prosecution to offer prejudicial evidence that the defendant had been arrested for the criminal sale of a controlled substance in the third degree (*see People v Resek,* 3 NY3d 385 [2004]; *People v Tucker,* 102 AD2d 535 [1984]). Further, under the circumstances presented at this trial, the court also erred in refusing to allow the defendant to question Detective James McCabe on re-cross-examination about the complainant's refusal to submit to a medical examination (*see generally People v Carroll,* 95 NY2d 375, 386 [2000]; *People v Loja,* 305 AD2d 189, 192-193 [2003]).

The defendant's remaining contentions either are without merit or need not be reached in light of our determination. Florio, J.P., Adams, S. Miller and Goldstein, JJ., concur.