■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BASTIANOS, Appellant. [825 NYS2d 711]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Dunlop, J.), rendered July 7, 2003, convicting him of criminal possession of stolen property in the third degree and criminal possession of stolen property in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to establish his guilt of criminal possession of stolen property in the third degree and criminal possession of stolen property in the fourth degree is unpreserved for appellate review (see CPL 470.05 [2]; People v Gray, 86 NY2d 10 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15 [5]). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the finder of fact, which saw and heard the wit-

nesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should be afforded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]).

There is no merit to the defendant's contention that the trial court erred in denying his request for a missing witness charge as to a certain police officer, as the People demonstrated that the officer's testimony would have been cumulative and he had no knowledge of material facts (*see People v Herrera*, 285 AD2d 613, 614 [2001]; *People v Hernandez*, 235 AD2d 367, 368 [1997]).

The defendant's remaining contention does not warrant reversal (*cf. People v McCollough*, 16 AD3d 183 [2005]; *People v Jackson*, 270 AD2d 287 [2000]). Adams, J.P., Goldstein, Fisher and Lifson, JJ., concur.