■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCUS HAYES, Appellant. [878 NYS2d 167]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (McGuire, J.), rendered August 4, 2005, convicting him of criminal possession of a forgery device (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant's challenge to the legal sufficiency of the evidence, raised in his supplemental pro se brief, is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The defendant's contention in his supplemental pro se brief that the verdict was repugnant is without merit (*see People v Johnson*, 70 NY2d 819, 820 [1987]; *People v Tucker*, 55 NY2d 1039 [1982]; *People v Ferguson*, 55 AD3d 926 [2008]; *People v Oyekoya*, 278 AD2d 253 [2000]).

CPL 270.20 (1) (b) permits a party to challenge a prospective juror "for cause" if he or she "has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based on the evidence adduced at trial." Upon such a challenge, "a juror who has revealed doubt, because of prior knowledge or

opinion, about [his or] her ability to serve impartially must be excused unless the juror states unequivocally on the record that [he or] she can be fair" (*People v Arnold,* 96 NY2d 358, 362 [2001]; *see People v Bludson,* 97 NY2d 644, 645 [2001]; *People v Russell,* 13 AD3d 655, 656 [2004]). "If there is any doubt about a prospective juror's impartiality, trial courts should err on the side of excusing the juror, since at worst the court will have 'replaced one impartial juror with another' " (*People v Arnold,* 96 NY2d at 362, quoting *People v Culhane,* 33 NY2d 90, 108 n 3 [1973]; *see People v Kenner,* 8 AD3d 296, 297 [2004]).

Here, during the course of voir dire, one prospective juror indicated that she did not know if she could be fair and impartial considering that she had been the victim of an identity theft, a crime similar in nature to the one being tried. In addition, another juror expressed doubt as to whether she could get past her prejudices. In both of these instances, the court should have granted the defendant's challenges for cause (*see People v Garrison,* 30 AD3d 612 [2006]; *People v Harris,* 14 AD3d 622 [2005]). Since the defendant exercised peremptory challenges to remove both prospective jurors and exhausted his allotment of peremptory challenges prior to the completion of jury selection, the convictions must be reversed and a new trial ordered (*see* CPL 270.20 [2]; *People v Torpey,* 63 NY2d 361 [1984]). Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.