■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WANDELL GOODWIN, Appellant. [882 NYS2d 707]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Mullen, J.), rendered March 2, 2007, convicting him of criminal possession of stolen property in the fourth degree and unauthorized use of a motor vehicle in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant's assertion that the evidence was legally insufficient to establish his guilt of criminal possession of stolen property in the fourth degree and unauthorized use of a motor vehicle in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10 [1995]; *People v*

*Bastianos,* 35 AD3d 492 [2006]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Steisi,* 257 AD2d 582, 583 [1999]; *People v Mitchell,* 223 AD2d 655, 655-656 [1996]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Romero,* 7 NY3d 633 [2006]).

We agree with the defendant, however, that the County Court erred in denying his challenge for cause to a prospective juror. The defendant used a peremptory challenge to excuse the prospective juror, and his peremptory challenges were exhausted prior to the conclusion of jury selection. Thus, the defendant correctly asserts on appeal that the denial of his challenge for cause constituted reversible error (*see* CPL 270.20 [2]; *People v Torpey,* 63 NY2d 361, 365 [1984]).

CPL 270.20 (1) (b) provides that a prospective juror may be challenged for cause if he or she "has a state of mind that is likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial." Where an issue is raised concerning the ability of a prospective juror to be fair and impartial, the prospective juror must state unequivocally that the prior state of mind of the juror will not influence his or her verdict and that the juror will render an impartial verdict based solely on the evidence (*see People v Johnson,* 94 NY2d 600, 614 [2000]; *People v Blyden,* 55 NY2d 73, 77-78 [1982]; *People v Hayes,* 61 AD3d 992 [2009]; *People v Garrison,* 30 AD3d 612, 613 [2006]).

Here, during voir dire, the prospective juror at issue divulged that his car had been broken into on two prior occasions. Subsequently, the prosecutor asked that juror whether his experience of having had his car broken into would "have any bearing on [his] ability to sit and be fair and impartial in this case," to which the prospective juror responded, "I think so, yes." In response to the next question, where the prosecutor asked that prospective juror again, if he would have a problem with his ability to be fair and impartial, the prospective juror answered in the affirmative.

The prosecutor subsequently elicited some reassurances from the prospective juror that he would try to put aside his own experience. Indeed, the prospective juror stated that he would "have to weigh what [he] was told." He also agreed that if the judge instructed him as to his responsibility to be fair and impartial and not to hold his prior experiences against the de-

fendant or any witness, that he "would think twice about it," then stating, "I would do eventually what I was told to do, you know, and go by the evidence." Further, the prospective juror also agreed that he would try to put his negative feelings aside and be fair and impartial. Thus, at that juncture, the prosecutor's questioning seemingly rehabilitated the prospective juror, who gave some indication that he would try to follow the court's instructions on the law without being influenced by his prior opinion (*see* CPL 270.20 [1] [b]; *People v Culhane,* 33 NY2d 90, 107 [1973]).

Upon followup questioning by defense counsel, however, when asked whether the car break-ins would affect his "ability to really look at things for just what they are here or they all get mixed together [*sic*]," the prospective juror then responded, "[p]robably get mixed together." A prospective juror's responses construed as a whole, must demonstrate an *"absolute belief* that his opinion will not influence his verdict" (*People v Culhane,* 33 NY2d at 107 [emphasis added]; *see People v McQuade,* 110 NY 284, 301 [1888]). Here, once the prospective juror again expressed doubt regarding his ability to be impartial, it was incumbent upon the court to ascertain that his prior state of mind would not influence his verdict and that he would render an impartial verdict based on the evidence (*see People v Arnold,* 96 NY2d 358, 361-362 [2001]; *People v Johnson,* 94 NY2d at 614). Because that was not done, we reverse the judgment (*see People v Johnson,* 94 NY2d at 616; *People v Blyden,* 55 NY2d at 78-79; *People v Hayes,* 61 AD3d 992 [2009]; *People v Garrison,* 30 AD3d at 613).

In view of our determination, we do not address the defendant's contention regarding the effectiveness of trial counsel.

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit. Mastro, J.P., Skelos, Santucci and Hall, JJ., concur.