■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT ROSE, Appellant. [901 NYS2d 375]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Hubert, J.), rendered August 29, 2008, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Balaz*, 43 AD3d 949, 949-950 [2007]; *People v Urquidez*, 5 AD3d 800, 801 [2004]; *People v Hirsch*, 280 AD2d 612, 613 [2001]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Nonetheless, the judgment of conviction must be reversed, and a new trial ordered.

CPL 270.20 (1) (b) provides that a prospective juror may be challenged for cause if she or he "has a state of mind that is likely to preclude [her or] him from rendering an impartial verdict based upon the evidence adduced at the trial." Where an issue is raised concerning the ability of a prospective juror to be fair and impartial, the prospective juror must state unequivocally that his or her prior state of mind will not influence his or her verdict, and that he or she will render an impartial verdict based solely on the evidence (*see People v Johnson*, 94 NY2d 600, 614 [2000]; *People v Blyden*, 55 NY2d 73, 77-78 [1982]; *People v Goodwin*, 64 AD3d 790, 791 [2009]; *People v Hayes*, 61 AD3d 992, 992-993 [2009]; *People v Garrison*, 30 AD3d 612, 613 [2006]). "A prospective juror's responses construed as a whole, must demonstrate an '*absolute belief*' that his [or her] opinion will not influence his [or her] verdict' " (*People v Goodwin*, 64 AD3d at 792, quoting *People v Culhane*, 33 NY2d 90, 107 [1973] [emphasis added]; *see People v McQuade*, 110 NY 284, 301 [1888]).

Here, during voir dire, a prospective juror responded to the trial court's inquiry regarding prior experiences as a crime victim as follows:

"THE PROSPECTIVE JUROR: Yes, sir. I was returning home. I found that my mother, and a neighbor she was friends with, they were found bound and gagged in the apartment that had been burglarized.

"THE COURT: It's an upsetting thing.

"THE PROSPECTIVE JUROR: Yes. Thereafter, the court inquired of the prospective juror:

"[THE COURT:] The most you can do is be fair and impartial, and decide this case on it's own merits. That's the most we can ask. That's what I'm asking you. Can you put aside your experience, as you've described it to us, and be a fair and impartial juror in this case?

"THE PROSPECTIVE JUROR: *I can try. I really don't know*" (emphasis added).

At no point did the prospective juror unequivocally state that his prior state of mind would not influence his verdict, and that he would render an impartial verdict based solely on the evidence. In this instance, the trial court should have granted the defendant's challenge for cause to that prospective juror (*see People v Hayes*, 61 AD3d at 993; *People v Harris*, 14 AD3d 622, 623 [2005]). As the People correctly concede, since the defendant exercised a peremptory challenge to remove the prospective juror and exhausted his allotment of peremptory challenges prior to the completion of jury selection, the judgment of conviction must be reversed and a new trial ordered (*see* CPL 270.20 [2]; *People v Torpey*, 63 NY2d 361, 365 [1984]; *People v Goodwin*, 64 AD3d at 791; *People v Hayes*, 61 AD3d at 993; *People v Harris*, 14 AD3d at 623).

The defendant's remaining contentions either are without merit or need not be addressed in light of our determination. Skelos, J.P., Angiolillo, Leventhal and Roman, JJ., concur.