THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ELDEN MACFARLANE, Appellant. [928 NYS2d 755]—

The defendant contends that the prosecution failed to prove his guilt by legally sufficient evidence because he was not responsible by reason of mental disease or defect (*see* Penal Law § 40.15). Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt (*see People v Noll*, 82 AD3d 1266 [2011], *lv denied* 16 NY3d 897 [2011]; *People v Trojan*, 73 AD3d 818 [2010]; *People v Ginsberg*, 36 AD3d 627, 628 [2007]).

Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The People offered expert testimony to rebut the testimony of the defense expert that, due to a mental disease or defect, the defendant lacked substantial capacity to know or appreciate the nature and consequences of his conduct, or that his conduct was wrong when he committed the crime (*see*

*People v Noll*, 82 AD3d at 1267; *People v Trojan*, 73 AD3d at 819; *People v Collins*, 27 AD3d 660, 661 [2006]; *People v Rahman*, 202 AD2d 696 [1994]).

Nonetheless, the judgment of conviction must be reversed, and a new trial ordered.

CPL 270.20 (1) (b) provides that a prospective juror may be challenged for cause if he or she "has a state of mind that is likely to preclude [her or] him from rendering an impartial verdict based upon the evidence adduced at the trial." Where an issue is raised concerning the ability of a prospective juror to be fair and impartial, the prospective juror must state unequivocally that his or her prior state of mind will not influence his or her verdict, and that he or she will render an impartial verdict based solely on the evidence (*see People v Johnson*, 94 NY2d 600, 614 [2000]; *People v Blyden*, 55 NY2d 73, 77-78 [1982]; *People v Rose*, 73 AD3d 1091 [2010]; *People v Goodwin*, 64 AD3d 790, 791 [2009]; *People v Hayes*, 61 AD3d 992, 992-993 [2009]; *People v Garrison*, 30 AD3d 612, 613 [2006]). "A prospective juror's responses construed as a whole, must demonstrate an '*absolute belief* that his [or her] opinion will not influence his [or her] verdict' " (*People v Goodwin*, 64 AD3d at 792, quoting *People v Culhane*, 33 NY2d 90, 107 [1973]; *see People v Mc-Quade*, 110 NY 284, 301 [1888]).

During voir dire, a prospective juror stated that her father and several friends either worked as police officers or were retired from the police force. In addition, the prospective juror added that her husband worked in law enforcement. The prospective juror expressed on two occasions her concern that she may give the testimony of a police officer more credence than she would to other witnesses. When asked if she would give no greater credibility to the testimony of police officers, the prospective juror replied, "I would like to think that I can be fair, but it's hard." When asked if she could evaluate the testimony of police officers in the same way as any other witness, the prospective juror answered, "I would hope so." Further, in response to a query from defense counsel as to whether she could be fair and impartial, the prospective juror stated, "I'd like to think of myself as a fair person, but I—it's—I—I do give police officers a little more credence, I think, than I would other people."

At no point did the prospective juror unequivocally state that her bias in favor of the police would not influence her verdict, and that she would render an impartial verdict based solely on the evidence. Therefore, the trial court should have granted the defendant's challenge for cause to that prospective juror (*see*

*People v Hayes*, 61 AD3d at 993; *People v Harris*, 14 AD3d 622, 623 [2005]). Since the defendant exercised a peremptory challenge to remove the prospective juror and exhausted his allotment of peremptory challenges prior to the completion of jury selection, the judgment of conviction must be reversed and a new trial ordered (*see* CPL 270.20 [2]; *People v Torpey*, 63 NY2d 361, 365 [1984]; *People v Goodwin*, 64 AD3d at 791; *People v Hayes*, 61 AD3d at 993). Covello, J.P., Eng, Leventhal and Cohen, JJ., concur.