The People of the State of New York, Respondent, v Manuel Borges, Appellant. [935 NYS2d 621]—

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). The defendant's intent to commit a crime can be inferred from his conduct, including his unlawful entry into another's residence by breaking a glass pane on the front door

and breaking open the rear door of the complainant's mobile home (*see People v Gilligan*, 42 NY2d 969 [1977]; *People v Diaz*, 53 AD3d 504 [2008]; *People v Brown*, 36 AD3d 930 [2007]; *People v Moore*, 303 AD2d 691 [2003]).

Nonetheless, the judgment of conviction must be reversed, and a new trial ordered.

CPL 270.20 (1) (b) provides that a prospective juror may be challenged for cause if the juror "has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial." Where an issue is raised concerning the ability of a prospective juror to be fair and impartial, the prospective juror must state unequivocally that his or her prior state will not influence his or her verdict, and that he or she will render an impartial verdict based solely on the evidence (*see People v Bludson*, 97 NY2d 644, 646 [2001]; *People v Chambers*, 97 NY2d 417 [2002]; *People v Johnson*, 94 NY2d 600, 614 [2000]; *People v Blyden*, 55 NY2d 73, 77-78 [1982]; *People v Goodwin*, 64 AD3d 790, 791 [2009]; *People v Hayes*, 61 AD3d 992, 992-993 [2009]; *People v Garrison*, 30 AD3d 612, 613 [2006]).

Here, during voir dire, one prospective juror indicated that she might not be able to serve impartially. When defense counsel attempted to elicit some reassurances from the prospective juror that she could be fair and impartial, the prospective juror responded, "Maybe not." "A prospective juror's responses construed as a whole, must demonstrate an '*absolute belief* that his [or her] opinion will not influence his [or her] verdict' " (*People v Goodwin*, 64 AD3d at 792, quoting *People v Culhane*, 33 NY2d 90, 107 [1973]; *see People v McQuade*, 110 NY 284, 301 [1888]). Once the prospective juror expressed doubt regarding her ability to be impartial, it was incumbent upon the trial court to ascertain that her prior state of mind would not influence her verdict and that she would render an impartial verdict based on the evidence (*see People v Arnold*, 96 NY2d 358 [2001]; *People v Goodwin*, 64 AD3d at 792). This was not done. Accordingly, the County Court erred in denying the defendant's challenge for cause (*see People v Bludson*, 97 NY2d at 646; *People v Arnold*, 96 NY2d 358 [2001]; *People v Williams*, 302 AD2d 412, 413 [2003]; *People v Yattang Ng*, 298 AD2d 470 [2002]). Furthermore, the failure to grant the defendant's challenge for cause constituted reversible error because the defendant exhausted all of his peremptory challenges prior to the completion of jury selection (*see* CPL 270.20 [2]; *People v Torpey*, 63 NY2d 361 [1984]; *People v Russell*, 13 AD3d 655 [2004]; *People v Williams*, 302 AD2d at 413).

In addition, the County Court erred in denying the defendant's request to charge criminal trespass in the second degree as a lesser-included offense of burglary in the second degree. There was a reasonable view of the evidence that would have supported a finding that the defendant committed the lesser offense but did not commit the greater (see CPL 300.50 [1]; *People v Barney*, 99 NY2d 367, 371 [2003]; *People v Glover*, 57 NY2d 61, 63 [1982]; *People v Henderson*, 41 NY2d 233, 237 [1976]; *People v Kim*, 83 AD3d 866 [2011]; *People v Land*, 131 AD2d 883 [1987]).

In light of our determination, we need not reach the defendant's remaining contentions. Dillon, J.P., Angiolillo, Dickerson and Hall, JJ., concur.