■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS GARCIA, Appellant. [5 NYS3d 121]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered May 7, 2012, convicting him of gang assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Nonetheless, the judgment of conviction must be reversed, and a new trial ordered.

The defendant contends that the trial court erred in denying challenges to two prospective jurors for cause. While the defendant's contention is partially unpreserved for appellate review (see CPL 470.05 [2]; *People v Toval*, 216 AD2d 500 [1995]), we reach the unpreserved portion in the exercise of our interest of justice jurisdiction.

CPL 270.20 (1) (b) provides that a prospective juror may be challenged for cause if the juror "has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial." Where an issue is raised concerning the ability of a prospective juror to be fair and impartial, the prospective juror must state unequivocally that his or her prior state of mind will not influence his or her verdict, and that he or she will render an impartial verdict based solely on the evidence (see *People v Chambers*, 97 NY2d 417 [2002]; *People v Bludson*, 97 NY2d 644, 646 [2001]; *People v Johnson*, 94 NY2d 600, 614 [2000]; *People v Blyden*, 55 NY2d 73, 77-78 [1982]; *People v Borges*, 90 AD3d 1067 [2011]; *People v Goodwin*, 64 AD3d 790, 791 [2009]; *People v Hayes*, 61 AD3d 992, 992-993 [2009]; *People v Garrison*, 30 AD3d 612, 613 [2006]). "A prospective juror's responses construed as a whole, must demonstrate an *'absolute belief that his [or her] opinion will not influence his [or her] verdict'* " (*People v Goodwin*, 64 AD3d at 792, quoting *People v Culhane*, 33 NY2d 90, 107 [1973]; see *People v McQuade*, 110 NY 284, 301 [1888]).

Here, during voir dire, two prospective jurors indicated that due to incidents in which they had been the victims of crimes, they were unsure whether they could be objective or impartial. The first prospective juror indicated that he had been "attacked more than once" by gangs in the past, and that the experience colored his opinion of gang members. When pressed, he repeatedly stated that he could only "try" to be fair and impartial. The second prospective juror at issue indicated that he had been the victim of a robbery 11 years earlier, and as a result, moved from Brooklyn to Queens. When asked if that was going to affect his ability to be fair, the juror responded, "I'm not sure, probably not." He subsequently stated, "I will try my best." The trial court denied for-cause challenges to the prospective jurors and, since the defense had exhausted all of its peremptory challenges, the second prospective juror at issue was seated.

At no point did the prospective jurors unequivocally state that their prior states of mind would not influence their verdict, and that they would render an impartial verdict based solely

on the evidence. Under the circumstances, the trial court should have granted the defendant's challenges for cause (*see People v Rose*, 73 AD3d 1091 [2010]; *People v Goodwin*, 64 AD3d at 792; *People v Hayes*, 61 AD3d at 993). Since the defense exhausted its allotment of peremptory challenges prior to the completion of jury selection, the judgment of conviction must be reversed and a new trial ordered (*see* CPL 270.20 [2]; *People v Torpey*, 63 NY2d 361, 365 [1984]; *People v Goodwin*, 64 AD3d at 791; *People v Hayes*, 61 AD3d at 993).

The defendant's remaining contentions either are without merit or need not be addressed in light of our determination. Dillon, J.P., Dickerson, Chambers and Roman, JJ., concur.