THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ALVAREZ, Appellant. [14 NYS3d 157]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Aloise, J.), rendered May 7, 2012, convicting him of assault in the first degree, gang assault in the first degree, and gang assault in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

The defendant contends that the Supreme Court improvidently exercised its discretion in denying challenges to three prospective jurors for cause. While the defendant's contention is partially unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Toval*, 216 AD2d 500 [1995]), we reach the unpreserved portion in the exercise of our interest of justice jurisdiction.

CPL 270.20 (1) (b) provides that a prospective juror may be challenged for cause if the juror "has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial." Where an issue is raised concerning the ability of a prospective juror to be fair and impartial, the prospective juror must state unequivocally that his or her prior state of mind will not influence his or her verdict, and that he or she will render an impartial verdict based solely on the evidence (*see People v Bludson*, 97 NY2d 644, 646 [2001]; *People v Chambers*, 97 NY2d 417 [2002]; *People v Johnson*, 94 NY2d 600, 614 [2000]; *People v Blyden*, 55 NY2d 73, 77-78 [1982]; *People v Borges*, 90 AD3d 1067 [2011]; *People v Goodwin*, 64 AD3d 790, 791 [2009]). A prospective juror's responses, construed as a whole, must demonstrate an absolute belief that his or her prior opinion will not influence his or her verdict (*see People v Culhane*, 33 NY2d 90, 107 [1973]; *People v McQuade*, 110 NY 284, 301 [1888]; *People v Goodwin*, 64 AD3d at 792).

Here, during voir dire, one prospective juror indicated that,

because her son was a police officer, she was "not sure" whether she could be fair and impartial. When asked whether she would "believe police just because they are police" and whether she was "going to follow the instructions on the law," she replied "I don't know." When asked again if she could be fair and impartial, the juror stated "I'll try."

Additionally, two prospective jurors indicated that, due to incidents in which they had been the victims of crimes, they were unsure whether they could be objective or impartial. The first indicated that he had been "attacked . . . more than once" by gangs in the past, and that the experience colored his opinion of gang members. When pressed, he repeatedly stated that he could only "try" to be fair and impartial. The second prospective juror at issue indicated that he had been the victim of a robbery 11 years earlier, and as a result, moved from Brooklyn to Queens. When asked if that was going to affect his ability to be fair, the juror responded, "I'm not sure, probably not." He subsequently stated, "I will try my best." The Supreme Court denied the defendant's challenges for cause to all three prospective jurors. The defendant exercised peremptory challenges to remove two of them, and since the defense had by that point exhausted all of its peremptory challenges, the third juror at issue was seated.

At no point did the prospective jurors unequivocally state that their prior states of mind would not influence their verdict, and that they would render an impartial verdict based solely on the evidence. Under the circumstances, the Supreme Court should have granted the defense's challenges for cause to all three prospective jurors (see People v MacFarlane, 87 AD3d 700 [2011]; People v Rose, 73 AD3d 1091 [2010]; People v Goodwin, 64 AD3d at 792; People v Hayes, 61 AD3d 992 [2009]). Since the defense exhausted its allotment of peremptory challenges prior to the completion of jury selection, the judgment of conviction must be reversed and a new trial ordered (see CPL 270.20 [2]; People v Torpey, 63 NY2d 361, 365 [1984]; People v Goodwin, 64 AD3d at 791; People v Hayes, 61 AD3d at 993).

The defendant's remaining contentions need not be addressed in light of our determination. Mastro, J.P., Cohen, Maltese and Barros, JJ., concur.