■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK MALLOY, Appellant. [28 NYS3d 448]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Cyrulnik, J.), rendered August 11, 2014, convicting him of assault in the third degree and criminal mischief in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law, and a new trial is ordered.

When a defendant is accused of a felony, the indictment must be dismissed unless the People are ready for trial within six months after the commencement of the criminal action (*see* CPL 30.30 [1] [a]; *People v Young*, 110 AD3d 1107, 1107-1108 [2013]). With respect to periods of delay that occur following the People's statement of readiness, any period of an adjournment in excess of that actually requested by the People is excluded (*see People v Carter*, 91 NY2d 795, 799 [1998]; *People v Cortes*, 80 NY2d 201 [1992]; *People v Young*, 110 AD3d at 1107-1108). Here, the total time chargeable to the People was less than the six-month time period provided by CPL 30.30 (1) (a). Accordingly, the Supreme Court properly denied the defendant's motion pursuant to CPL 30.30 to dismiss the indictment.

Nevertheless, we find that the judgment of conviction must be reversed. CPL 270.20 (1) (b) provides that a prospective juror may be challenged for cause if the juror "has a state of

mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial." Where an issue is raised concerning the ability of a prospective juror to be fair and impartial, the prospective juror must state unequivocally that his or her prior state of mind will not influence his or her verdict, and that he or she will render an impartial verdict based solely on the evidence (*see People v Johnson*, 94 NY2d 600, 614 [2000]; *People v Goodwin*, 64 AD3d 790, 791 [2009]). A prospective juror's responses, construed as a whole, must demonstrate an absolute belief that his or her prior opinion will not influence his or her verdict (*see People v Culhane*, 33 NY2d 90, 107 [1973]; *People v Goodwin*, 64 AD3d at 792).

Here, during voir dire, one prospective juror indicated that because her aunt had been the victim of a violent sexual assault, it would "be a little bit hard" for her to keep an open mind when listening to the facts of this case. When asked whether she could "give the defendant in this case a fair trial," she responded, "I can manage. Yes." When asked if it was possible that her judgment in this case might be affected by her aunt's case, she responded, "Might." The Supreme Court also asked the prospective juror if the fact that this case did not involve a sex crime would "change things" for her, and she responded, "Part of it. Yeah." The prospective juror confirmed that she would refrain from blaming the defendant for what happened to her aunt or favoring the prosecution for successfully prosecuting her aunt's assailant, but when asked again by defense counsel whether her aunt's experience "might affect [her] ability to judge this case," the juror paused and finally said, "I don't know." The court denied the defendant's challenge for cause to this prospective juror. The defense then exercised a peremptory challenge to remove her and exhausted all of its peremptory challenges prior to the end of jury selection.

At no point did the prospective juror unequivocally state that her prior state of mind would not influence her verdict, and that she would render an impartial verdict based solely on the evidence. Under the circumstances, the Supreme Court should have granted the defense's challenge for cause to this prospective juror (*see People v Alvarez*, 130 AD3d 1054, 1054-1055 [2015]; *People v Reyes*, 125 AD3d 892, 893 [2015]; *People v Harris*, 124 AD3d 796, 797 [2015]; *People v MacFarlane*, 87 AD3d 700 [2011]; *People v Goodwin*, 64 AD3d at 792). Since the defense exhausted its allotment of peremptory challenges prior to the completion of jury selection, we reverse the judgment and order a new trial (*see* CPL 270.20 [2]; *People v Mac-*

*Farlane*, 87 AD3d 700 [2011]; *People v Goodwin*, 64 AD3d at 791).

The defendant's remaining contention need not be addressed in light of our determination. Hall, J.P., Austin, Sgroi and LaSalle, JJ., concur.