People v Delcid (2019 NY Slip Op 05788)





People v Delcid


2019 NY Slip Op 05788


Decided on July 24, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 24, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2017-08776
 (Ind. No. 1686/15)

[*1]The People of the State of New York, respondent,
v
Gerson Delcid, appellant.


N. Scott Banks, Hempstead, NY (Tammy Feman and Marquetta Christy of counsel), for appellant.
Madeline Singas, District Attorney, Mineola, NY (Tammy J. Smiley, Jason R. Richards, Mary Faldich, and Thomas Hughes of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Howard E. Sturim, J.), rendered July 31, 2017, convicting him of driving while intoxicated as a felony in violation of Vehicle and Traffic Law § 1192(3), aggravated unlicensed operation of a motor vehicle in the first degree, and aggravated unlicensed operation of a motor vehicle in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is modified, on the law, by vacating the convictions of driving while intoxicated as a felony in violation of Vehicle and Traffic Law § 1192(3), and aggravated unlicensed operation of a motor vehicle in the second degree, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in granting the People's for-cause challenge to a prospective juror. CPL 270.20(1)(b) provides that a prospective juror may be challenged for cause if he or she "has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial." Where an issue is raised concerning the ability of a prospective juror to be fair and impartial, the prospective juror must state unequivocally that his or her prior state of mind will not influence his or her verdict, and that he or she will render an impartial verdict based solely on the evidence (see People v Johnson, 94 NY2d 600, 614; People v Alvarez, 130 AD3d 1054; People v MacFarlane, 87 AD3d 700, 701). A prospective juror's responses, construed as a whole, must demonstrate an " absolute belief'" that his or her opinion will not influence his or her verdict (People v Goodwin, 64 AD3d 790, 792, quoting People v Culhane, 33 NY2d 90, 107). Here, the prospective juror's responses to questioning during voir dire, construed as a whole, failed to demonstrate an absolute belief that his prior state of mind would not have an influence on his verdict and that he would render an impartial verdict based on the evidence (see People v Culhane, 33 NY2d at 107; People v Hoke, 111 AD3d 959; People v Goodwin, 64 AD3d at 792).
The Supreme Court properly admitted into evidence at trial the opinion testimony of a forensic toxicologist. "[E]xpert opinion is proper when it would help to clarify an issue calling for professional or technical knowledge, possessed by the expert and beyond the ken of the typical juror" (People v Taylor, 75 NY2d 277, 288 [internal quotation marks omitted]). Contrary to the defendant's contention, the forensic toxicologist's testimony regarding her qualifications and experience provided a sufficient foundation for her subsequent opinion testimony (see People v Prowse, 60 AD3d 703, 704; People v Van Sickle, 120 AD2d 897, 899).
However, as the People correctly concede, as charged, the counts alleging driving while intoxicated as a felony in violation of Vehicle and Traffic Law § 1192(3) and aggravated unlicensed operation of a motor vehicle in the second degree were inclusory concurrent counts of the count alleging aggravated unlicensed operation of a motor vehicle in the first degree (see CPL 300.30[4]; 300.40[3][b]; Vehicle and Traffic Law §§ 511[2][a][ii]; [3][a][i]; 1192). Accordingly, the defendant's convictions of driving while intoxicated as a felony in violation of Vehicle and Traffic Law § 1192(3), and aggravated unlicensed operation of a motor vehicle in the second degree and the sentences imposed thereon must be vacated, and those counts of the indictment dismissed. Under the circumstances of this case, the defendant's contention that the mandatory surcharge and crime victim assistance fee must be reduced is more appropriately raised before the Supreme Court and, accordingly, we remit the matter to the Supreme Court, Nassau County, to consider this issue (see Penal Law § 60.35; Vehicle and Traffic Law §§ 1809[1][c]; 1809-e[1][a]).
The defendant's remaining contentions either are without merit or need not be reached in light of our determination.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court