People v Rojas (2020 NY Slip Op 03413)





People v Rojas


2020 NY Slip Op 03413


Decided on June 17, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
HECTOR D. LASALLE
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-05509
 (Ind. No. 1958/16)

[*1]The People of the State of New York, respondent,
v
Robert Rojas, appellant.


Paul Skip Laisure, New York, NY (Anjali Biala of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Robert Schwartz, J.), rendered April 25, 2017, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law and the facts, and a new trial is ordered.
The defendant was charged with crimes arising from a residential burglary. Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of burglary in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
We reverse the judgment of conviction on the ground that the Supreme Court erroneously denied the defendant's challenge for cause to a prospective juror. The evidence in the record established that the prospective juror evinced "a state of mind that [was] likely to preclude [her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20[1][b]). Taking the prospective juror's responses as a whole (see People v Blyden, 55 NY2d 73, 78), she did not express the personal, unequivocal assurance of impartiality needed to cure her prior indication that she was predisposed to believe the testimony of a police officer (see People v Arnold, 96 NY2d 358, 364; People v Thigpen, 277 AD2d 261). As no unequivocal assurance of impartiality was obtained, the defendant's challenge for cause should have been granted with respect to that prospective juror (see People v Nicholas, 98 NY2d 749; People v Martinez, 165 AD3d 1288; People v Zachary, 260 AD2d 514). The failure to grant the defendant's challenge for cause requires reversal of the judgment of conviction because the defendant exhausted all of his peremptory challenges prior to the completion of jury selection (see CPL270.20[2]; People v Alvarez, 174 AD3d 638).
In light of our determination, we need not consider the defendant's remaining contentions.
DILLON, J.P., LASALLE, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court