People v Thomas (2021 NY Slip Op 06711)





People v Thomas


2021 NY Slip Op 06711


Decided on December 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
ANGELA G. IANNACCI
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2017-09878
 (Ind. No. 268/15)

[*1]The People of the State of New York, respondent,
v
Wayne Thomas, appellant.


Patricia Pazner, New York, NY (Cynthia Colt of counsel), for appellant, and appellant pro se.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart, Alexander Fumelli, and Timothy Pezzoli of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), rendered August 28, 2017, convicting him of murder in the first degree (two counts) and criminal possession of a weapon in the second degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and a new trial is ordered.
The defendant correctly contends that the Supreme Court erred in denying his challenge for cause to a prospective juror. A prospective juror may be challenged for cause if the juror "has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20[1][b]). Where a prospective juror reveals knowledge or opinions reflecting a state of mind likely to preclude impartial service, the prospective juror must state unequivocally that he or she can set aside any bias and render an impartial verdict based solely on the evidence (see People v Chambers, 97 NY2d 417, 419; People v Johnson, 94 NY2d 600, 614; People v Valdez, 138 AD3d 1151, 1152; People v Goodwin, 64 AD3d 790, 791). "A prospective juror's responses, construed as a whole, must demonstrate an absolute belief that his or her prior opinion will not influence his or her verdict" (People v Valdez, 138 AD3d at 1152-1153; see People v Goodwin, 64 AD3d at 792).
Here, during voir dire, one prospective juror, a firefighter who worked in the neighborhood where the offenses occurred, told the Supreme Court that he "personally see[s] a lot that goes on in the area[ ]." While he initially indicated that he could be fair and impartial, he subsequently stated that the police in the neighborhood "defended us, stuck up for us," and added that he would "lean a little bit more to what [a police officer] had to say" and it would be "tough" for him not to credit police officer testimony because he had "seen it" himself. Although, when he was questioned by the court, he indicated that he would treat police officers' testimony the same as the testimony of civilian witnesses, when asked whether he was "retracting" what he had said about "favoring police testimony," he did not answer in the affirmative. Instead, he stated that he would evaluate police testimony based on what he had experienced.
Thus, at no point did the prospective juror provide "'an unequivocal assurance' that [he] could 'set aside any bias and render an impartial verdict based on the evidence'" (People v Brothers, 95 AD3d 1227, 1228, quoting People v Johnson, 94 NY2d at 614; see People v Rojas, 184 AD3d 761; People v MacFarlane, 87 AD3d 700, 701; People v Goodwin, 64 AD3d at 792). Since the defendant exercised a peremptory challenge to remove the prospective juror and exhausted his allotment of peremptory challenges prior to the completion of jury selection, the judgment of conviction must be reversed and a new trial ordered (see CPL 270.20[2]; People v MacFarlane, 87 AD3d 700; People v Goodwin, 64 AD3d at 791).
The defendant's remaining contentions need not be reached in light of our determination.
RIVERA, J.P., IANNACCI, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court