People v Feddaoui (2021 NY Slip Op 06859)





People v Feddaoui


2021 NY Slip Op 06859


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2017-12808
 (Ind. No. 2143/15)

[*1]The People of the State of New York, respondent,
v
Ismail Feddaoui, appellant.


Patricia Pazner, New York, NY (Sean Nuttall and Chelsea Lopez of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill and Jill A. Gross-Marks of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (John LaTella, J.), rendered October 26, 2017, convicting him of robbery in the second degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Queens County, for a new trial.
At approximately 3:30 a.m. on July 2, 2015, the victim, a 73-year-old man, was robbed by three men on a street in Queens. The victim quickly reported the robbery to the police and, shortly thereafter, identified the three perpetrators, one of whom was the defendant, who were then arrested. After trial, the jury convicted the defendant of robbery in the second degree and criminal possession of stolen property in the fifth degree. The defendant appeals.
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
Contrary to the defendant's contention, the Supreme Court's denial of his application to introduce the audiotape recordings of the victim's interviews with Legal Aid investigators did not violate the best evidence rule (see People v Horton, 181 AD3d 986, 998; People v Torres, 118 AD2d 821, 822).
However, the Supreme Court should have granted the defendant's for-cause challenge to a prospective juror who evinced a state of mind that was likely to preclude her from rendering an impartial verdict based on the evidence (see CPL 270.20[1][b]). "[A] prospective juror whose [*2]statements raise a serious doubt regarding the ability to be impartial must be excused unless the juror states unequivocally on the record that he or she can be fair and impartial" (People v Warrington, 28 NY3d 1116, 1119-1120 [internal quotation marks omitted]). Here, the prospective juror's statements to the effect that she would expect the defense to present evidence raised a serious doubt about her ability to be impartial and her subsequent responses fell short of providing "unequivocal assurances of impartiality" (id. at 1120; see People v Tillmon, 197 AD3d 956; People v Chianese, 194 AD3d 737; People v Kluge, 180 AD3d 705). Since the defendant exhausted his peremptory challenges, the denial of his for-cause challenge constitutes reversible error (see CPL 270.20[2]; People v Rojas, 184 AD3d 761, 762; People v Alvarez, 174 AD3d 638, 638-639). Therefore, the judgment of conviction must be reversed and a new trial ordered.
In light of our determination, we need not address the defendant's remaining contention.
DILLON, J.P., CONNOLLY, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court