People v Wilson (2025 NY Slip Op 02940)

People v Wilson

2025 NY Slip Op 02940

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2019-01932 
2019-09627
 (Ind. No. 2010/17)

[*1]The People of the State of New York, respondent,
v
Kenneth Wilson, appellant.

Patricia Pazner, New York, NY (Alice R. B. Cullina of counsel), for appellant, and appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Ellen C. Abbot, Rebecca Nealon, and Corey Reisman of counsel), for respondent.

DECISION & ORDER
Appeals by the defendant from (1) a judgment of the Supreme Court, Queens County (Deborah Stevens Modica, J.), rendered January 31, 2019, convicting him of falsifying business records in the first degree (19 counts), falsely reporting an incident in the third degree (19 counts), computer trespass, computer tampering in the third degree, criminal contempt in the first degree, stalking in the fourth degree, and coercion in the second degree, upon a jury verdict, and imposing sentence, and (2) a resentence of the same court imposed August 1, 2019.
ORDERED that the judgment is reversed, on the law and the facts, the charges of falsifying business records in the first degree under counts 1, 6, 11, 16, 21, 26, 36, 41, 46, 51, 56, 61, 66, 71, 76, 81, 86, 91, and 96 of the indictment are dismissed, the resentence is vacated, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the charges of falsely reporting an incident in the third degree under counts 3, 8, 13, 18, 24, 29, 39, 44, 49, 54, 59, 64, 69, 74, 79, 84, 88, 93, and 98 of the indictment, computer trespass under count 101 of the indictment, computer tampering in the third degree under count 102 of the indictment, criminal contempt in the first degree under count 104 of the indictment, stalking in the fourth degree under count 108 of the indictment, and coercion in the second degree under count 109 of the indictment; and it is further,
ORDERED that the appeal from the resentence is dismissed as academic.
Following a jury trial, the defendant was convicted of 19 counts of falsifying business records in the first degree, 19 counts of falsely reporting an incident in the third degree, computer trespass, computer tampering in the third degree, criminal contempt in the first degree, stalking in the fourth degree, and coercion in the second degree. At trial, the People provided evidence that the defendant had engaged in a campaign of harassment, intimidation, and embarrassment over a period of more than two years in which he, inter alia, shared nude photographs and sexually explicit videos of the complainant with her family and employers, accessed the complainant's social media accounts and posted similarly explicit material, and repeatedly called emergency service providers and requested emergency responses to the complainant's home in Queens. The theory underlying all 19 counts of falsifying business records in the first degree was that the defendant was intentionally [*2]conveying false information in his calls to the various emergency service providers and with the awareness that those providers were making business records related to the calls, for example, in the form of computer aided dispatch reports.
We agree with the defendant's contention that the evidence was legally insufficient to support his convictions of falsifying business records in the first degree (Penal Law § 175.10), since the People failed to establish that the defendant acted with the intent to defraud (see id. § 15.05[1]). "A person acts intentionally with respect to a result or to conduct described by a statute defining an offense when his [or her] conscious objective is to cause such result or to engage in such conduct" (id.). Here, the evidence, when viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621), was legally insufficient to establish, beyond a reasonable doubt, that the defendant's conscious objective was to defraud (see generally Black's Law Dictionary [12th ed 2024], defraud [defining defraud as "(t)o cause injury or loss to (a person or organization) by deceit; to trick (a person or organization) in order to get money"]). To the contrary, the only rational view of the evidence presented by the People is that the defendant's conscious objective was to harass, intimidate, and embarrass the complainant (cf. People v Booker, 195 AD3d 743, 743-744; People v Lappe, 169 AD3d 927, 928). For the same reason, the verdict of guilt as to the 19 counts of falsifying business records in the first degree was also against the weight of the evidence (see People v Bravo, 188 AD3d 1086, 1088-1089). Accordingly, we vacate the defendant's convictions of falsifying business records in the first degree and the sentences imposed thereon, and dismiss those counts of the indictment.
However, the defendant's contentions that the evidence was legally insufficient to support his convictions of computer trespass and computer tampering in the third degree, and that these convictions were against the weight of the evidence, are without merit. This Court's review of the legal sufficiency of the evidence is "based on the court's charge as given without exception" (People v Sala, 95 NY2d 254, 260), as is weight of the evidence review (see People v Torres, 177 AD3d 579, 580). Here, in light of the charge as given to the jury without exception, we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt of computer trespass and computer tampering in the third degree. We are also satisfied that the verdict of guilt on those counts was not against the weight of the evidence in light of the charge as given.
Contrary to the People's contention, the defendant's contention that the Supreme Court erred in denying his for-cause challenge to a prospective juror during voir dire is preserved for appellate review. Where, as here, defense counsel challenges a prospective juror for cause, "[t]he trial court denied the challenge and defendant utilized a peremptory challenge on the prospective juror," and the defendant exhausted his or her peremptory challenges, the issue is "preserved . . . for review" (People v Harris, 19 NY3d 679, 685, citing CPL 270.20[2]; see Matter of State of New York v Keith G., 152 AD3d 527, 529).
"'A basic premise of our criminal justice system is that a defendant has the right to trial by an impartial jury'" (People v Moses, 177 AD3d 619, 622, quoting People v Arnold, 96 NY2d 358, 360). Criminal Procedure Law § 270.20(1)(b) provides that a prospective juror may be challenged for cause if the juror "has a state of mind that is likely to preclude him [or her] from rendering an impartial verdict based upon the evidence adduced at the trial" (see People v Alvarez, 174 AD3d 638, 638). "A determination of whether jurors lack the ability to be impartial turns on whether, based on the totality of the voir dire record, it is evident that a preference for one side over the other would impact their decision-making" (People v Arline, 203 AD3d 843, 843-844 [internal quotation marks omitted]).
In other words, where a prospective juror's "statements raise a serious doubt regarding the ability to be impartial" (People v Harris, 19 NY3d at 685 [internal quotation marks omitted]), then the prospective juror must be excused or "state unequivocally that his or her prior state of mind will not influence his or her verdict, and that he or she will render an impartial verdict based solely on the evidence" (People v Alvarez, 174 AD3d at 638 [internal quotation marks omitted]). "Thus, when a potential juror states that he or she questions or doubts that he or she can be fair in the case, the trial judge should either elicit some unequivocal assurance of the juror's [*3]ability to be impartial or excuse the juror" (People v Harris, 124 AD3d 796, 797; see People v Warrington, 28 NY3d 1116, 1121).
"'If there is any doubt about a prospective juror's impartiality, trial courts should err on the side of excusing the juror, since at worst the court will have replaced one impartial juror with another'" (People v Moses, 177 AD3d at 622, quoting People v Arnold, 96 NY2d at 362).
Here, during voir dire, prospective juror No. 16, J. M., acknowledged a prior experience being a defendant in what he characterized as a "frivolous" civil suit. J. M. initally stated that he did not "think" his experience would affect his ability to evaluate the case fairly, and then later affirmed that he could not give his complete assurance that he would be able to put the experience aside. Based on the totality of the record, these statements raised a serious doubt about J. M.'s ability to be impartial. At that point, it was incumbent upon the Supreme Court to conduct a follow-up inquiry to elicit some unequivocal assurance of J. M.'s ability to be impartial or to excuse the prospective juror (see People v Harris, 19 NY3d at 685-686; People v Reyes, 125 AD3d 892, 892-893; People v Rose, 73 AD3d 1091, 1093). Since the defendant exhausted his peremptory challenges, the denial of his for-cause challenge to J. M. constitutes reversible error (see People v Wilson, 200 AD3d 1005, 1006; People v Feddaoui, 200 AD3d 799, 800; People v Reyes, 125 AD3d at 892-893; People v Rose, 73 AD3d at 1093). Accordingly, the judgment must be reversed as to the remaining counts of which the defendant was convicted and a new trial ordered on those counts.
The defendant's remaining contentions either are without merit, are not properly before this Court, or need not be reached in light of the foregoing.
IANNACCI, J.P., VOUTSINAS, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court